(99 App. Div. 18)

### PHILLIPS v. OWEN et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. MORTGAGES—LEASES—PRIORITY OF LIEN—RECORD—NOTICE.

Prior to the execution of a mortgage on five-eighths of an acre of land containing four houses, the title was in the mortgagor, subject to an unrecorded life lease in favor of his mother. The mortgagor was an unmarried man, 28 years of age, and resided with his mother, who had been a widow for many years, in one of the houses, the others being used as tenements. *Held*, that the widow's possession was equivocal, and consistent with the apparent ownership and possession of the mortgagor, and was therefore not sufficient to charge the mortgagee with notice of her rights under the lease.

Appeal from Special Term, Chemung County.

Action by Cassius A. Phillips, as executor and trustee of the estate of Addison D. Blair, deceased, against Elizabeth Owen, impleaded with others. From a judgment in favor of complainant, defendant Owen appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Warren J. Cheney, for appellant.

E. J. Baldwin, for respondent.

PARKER, P. J. The appellant, Mrs. Owen, claims that the life lease which she took from her son, David H. Allen, prior to the time he executed the mortgage which the plaintiff is now seeking to foreclose, is superior to such mortgage, although such life lease was not recorded until some years after the record of the mortgage. And she bases such claim upon the allegation that she then held, and has since continued to hold, such a possession of the mortgaged premises as was equivalent to notice of her rights under such lease.

For the purposes of this appeal, it may be conceded that the lease was fully executed and delivered to her at the time and in the manner claimed by her, but I am of the opinion that the possession which she is proven to have had was not sufficient to give

the notice she claims for it. The mortgaged premises consisted of about five-eighths of an acre of land, with four houses upon it. In one of them the appellant and her son, David, resided together, and had so resided for many years. The son was a man in business, about 28 years of age, and had title to such lands, holding them by a conveyance, duly recorded, from Samuel Miner and wife, and John R. Miner and wife. The other three dwellings on the premises were used as tenement houses. Whether any of them were occupied by tenants at the time the mortgage was given does not appear. The appellant had been a widow for many years, and she and the said David H. Allen, who was her only son and unmarried, had resided together, constituting one family, from his boyhood. This situation and the foregoing facts were, we may assume, apparent to the mortgagee when she loaned her money to the son David. There were no other facts then apparent that tended to characterize the possession of either the son or of the mother. Both resided on the premises; the record showed the son to be the owner of them, and therefore he might be assumed to be legally in possession of them. Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17. And the natural inference therefrom was that the mother was living with her son and as a mere member of his family. Her possession was therefore an "equivocal" one. It was entirely consistent with the apparent ownership and possession of the son, and therefore not sufficient to put a prudent man upon inquiry as to any other or further rights that the mother might have therein. Brown v. Volkening, 64 N. Y. 76, 82, 83; Pope v. Allen, 90 N. Y. 298; Holland v. Brown, 140 N. Y. 344, 348, 35 N. E. 577; Staples v. Fenton, 5 Hun, 172.

I conclude, therefore, that the judgment of the court below is correct, and should be affirmed.

Judgment affirmed, with costs. All concur.