FRANCIS JOSEPH MARRIN, Appellant, v. MARTENA MONROE, Also Known as MARTENA WATT, Defendant, Impleaded with ABRAHAM MONROE, Respondent.

First Department, December 23, 1927.

Vendor and purchaser — specific performance — contract was made by sister of respondent — respondent contends that property in question belonged to him — evidence shows that sister had record title when contract was made and that respondent was fully informed of all transactions leading up to and culminating in contract — contract will be enforced.

The plaintiff seeks to have specifically enforced a contract for the purchase of real property. This contract was signed by the defendant who did not appeal, who is a sister of the respondent. The respondent contends that the land belongs to him and that his sister did not have any right to sell the same. The evidence, however, shows that a clear record title was in the sister at the time the contract was made; that when the plaintiff sought to rent the property he went to the respondent and made inquiries assuming that the respondent owned the property; that the respondent told him that his sister owned the property and went with him to see his sister; that thereafter negotiations were completed with the sister in the presence of the respondent and the contract sued upon was drawn and executed. The plaintiff is corroborated in this testimony by a third person. It further appears that the property originally belonged to the respondent but was conveyed to his sister just prior to the second marriage of the respondent so that the respondent would not have title to the property in case he had any trouble with his second wife, and that in a separation action brought by respondent's second wife he made an affidavit to the effect that he had no property other than a joint bank account. The property was reconveyed to respondent after the contract of sale was executed by respondent's sister.

Under the facts, it was error for the court to find that the sister of the respondent was not the owner of the property and did not have the power to convey the same and to find that the respondent was the true owner.

Furthermore, the conduct of the respondent justified a finding that the plaintiff entered into the contract through the fraud and deception of the respondent

and that the contract of sale was entered into between the plaintiff and the respondent's sister with full knowledge by the respondent and with his consent.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 11th day of February, 1926.

*William F. Lally* of counsel [*David C. Broderick* with him on the brief; *Broderick, Stern & Lally,* attorneys], for the appellant.

*Frank E. Holahan* of counsel [*Joseph Force Crater* and *Irving Rosenberg* with him on the brief], for the respondent.

MERRELL, J. The action was brought in equity to compel the specific performance of a contract for the sale of real property. On January 16, 1924, a contract was entered into between the plaintiff and the defendant Martena Monroe whereby the latter contracted and agreed to sell and convey to the plaintiff, in consideration of the sum of $8,000, a parcel of real property in the borough of The Bronx, known as 1953 Cedar avenue. At the time of the making of this contract $250 was paid down by the plaintiff to the defendant and $2,750 was to be paid on the passing of title. The balance of $5,000 of the purchase money was to be secured under the terms of the contract by a mortgage to run three years, with interest at six per cent, accompanied by the bond of the plaintiff. The date set by the contract for the closing of title was February 9, 1924, at the office of Arnold H. Barnett, 1476 Broadway, in the borough of Manhattan. On the day for closing title the title company refused to pass title until certain informalities in the probate of the will of the wife of defendant's brother, Abraham Monroe, who is the defendant, respondent, herein, had been cleared up. It was then suggested that the passing of title and the payment of the $2,750 and the execution of the bond and mortgage should be adjourned without day, and that the matter should be closed as soon as the owner, the defendant Martena Monroe, was able to clear up her title. Soon thereafter an arrangement was made whereby the plaintiff was put in possession of the premises upon his payment of a monthly rental of $35, said monthly payments to apply on the purchase price of the property when title should be finally closed. On March 5, 1924, the plaintiff received a letter from a lawyer by the name of Holahan to the effect that the defendant, respondent, Abraham Monroe, the brother of Martena Monroe, was the real owner of the property in question, and that while the record title was in Martena Monroe, she only held it as trustee for the respondent, Abraham Monroe, and that he was about to bring an action

for Abraham Monroe against his sister, Martena Monroe, to compel her to transfer the property back to his client. Subsequently such an action was brought, issue was joined therein, and the issues were tried. Before a decision was made the parties settled the action, Martena Monroe reconveying the property to the respondent, Abraham Monroe. In January, 1925, Abraham Monroe demanded of the plaintiff that he pay $35 rental to him. Plaintiff refused to do this, and endeavored to have the contract carried out, stating that he was ready, able and willing on his part to pay the purchase price for the property. This Abraham refused to do, and thereupon the present action was brought.

The plaintiff testified that in December, 1923, he called upon Abraham Monroe, whom he thought was the owner of the property, and requested that the property be leased to him. He testified that Abraham then told him that the property was not for renting, but that he could purchase it at a very reasonable price. There was some discussion about the price and the plaintiff said he would think it over. Later on, in December, 1923, plaintiff testified he called upon the respondent, Abraham Monroe, and told him he had made up his mind to purchase the property, and offered him $7,000 for it, and that Abraham then, for the first time, told him that he did not own the property, but that the same was owned by his sister, the defendant Martena Monroe, and suggested that they go and talk the matter over with Martena; that the defendant, respondent, Abraham, took him to the place of residence of Martena Monroe, where she was at the time acting as housekeeper for a man by the name of Andron, and that when they reached her residence the defendant Abraham introduced the plaintiff to her as a prospective purchaser of the premises, and inquired for Andron. Andron was not at home, and the defendant, respondent, then told the plaintiff that nothing could be done until his sister could obtain the advice of Andron. Plaintiff testified that within a day or two thereafter he received a telephone call from the man Andron and at his request proceeded to Andron's house, accompanied by a friend by the name of Gussenhoven; that while there negotiations were had and it was finally agreed that plaintiff should purchase the property of Martena Monroe for the sum of $8,000, and that while they were negotiating the defendant, respondent, Abraham Monroe, came to the premises and was invited to join in the conference, and that he stated at that time that he had nothing to do with their negotiations, as the property belonged to his sister, Martena Monroe, and they could do as they wished about selling it. Plaintiff is corroborated as to what occurred on this occasion by Gussenhoven and by Martena Monroe.

The defendant, respondent, denies that he ever knew any man by the name of Gussenhoven, and denies that he ever talked with the plaintiff about his purchasing the property, and that he ever told plaintiff that his sister was the owner of the property. He denies that he ever said in the presence of Gussenhoven and his sister and plaintiff that he had nothing to do with the property, and that they could do as they wished about the sale of it.

It was conceded on the trial that the defendant Martena Monroe, at the time of the making of the contract in suit, was the record owner by full covenant warranty deed of the premises in question, and that she continued to be such record owner until December, 1924, when, pursuant to her settlement with her brother, she redeeded the property to him. It is also conceded that he knew at the time he took this deed of the making of the contract in suit.

It was the contention of the defendant, respondent, that while in July, 1923, the defendant deeded the property to his sister, he claimed that the deed was only a trust deed. It appeared, however, that such was not the fact, and he explained his notion of a trust deed, which was that he trusted his sister to keep her promise to reconvey the property to him whenever he wished. His excuse for deeding the property to his sister was that he was about to remarry, and it was to protect himself in case his new wife did not turn out well. In this respect he testified that he was advised by his lawyer, Holahan. Holahan testified that the respondent was an old client of his and when he learned of his prospective remarriage he believed that his intended wife was marrying him for his money, and advised a conveyance to the sister as a matter of protection in case the marriage did not turn out well. Holahan would not admit, in response to the court's question, that this was done for the purpose of deceiving the second wife, but it was very clear that such was the purpose, and that it was a fraud upon her. It also appeared that after the marriage of the respondent to his second wife, differences arose between them, and the wife brought an action for a separation and in that action applied for alimony and counsel fees. An affidavit was received in evidence, verified by the respondent two days before the making of the contract in suit, wherein he swore that he had no property whatever, except a joint account with his sister in the Bronx Savings Bank, not exceeding $5,060.78. Holahan explained that this affidavit was " to take advantage of technicalities in a separation action."

The evidence in this case very clearly showed that at the time of the making of this contract the defendant Martena Monroe was the record owner of the property and so far as anything appears, her title thereto was perfect. The deed whereby she obtained

title to the property was duly recorded in the office of the register of the county of Bronx. The respondent claimed that there was a secret understanding between himself and his sister that she was only to hold the property in trust for him. There was no evidence whatever of any knowledge on plaintiff's part of any such understanding. Some effort was made to show the actual execution of a deed back from Martena to Abraham at the time of giving the full covenant deed of the premises in July, 1923, but it does not appear that this deed was ever delivered, and, indeed, the testimony of Martena Monroe was to the effect that she did not deliver it but destroyed it.

Notwithstanding these proven and, for the most part, admitted facts in the case, the trial court found that at the time of the making of the contract between the parties, Martena Monroe had no clear title to the property described in the contract, and that the defendant Abraham Monroe was the true owner of the property. I can find no evidence to support such a finding. In the third finding of fact the court found that the plaintiff did not enter into said contract of sale through any fraud or deception on the part of the defendant Abraham Monroe, and that the defendant Abraham Monroe did not practice any fraud or deception to avoid the carrying out of said contract. I think the preponderance of the testimony was quite to the contrary, and that such finding was unjustified under the evidence. Likewise, I think the fourth finding of fact of the trial court, that the contract of sale was entered into between the plaintiff and the defendant Martena Monroe without the knowledge and consent of the respondent, is unsupported by the fair preponderance of the evidence, and that the evidence to the contrary largely preponderates.

I think the decision was wrong, and entirely against the weight of the evidence in the case. I think, furthermore, that the plaintiff was protected by the record title of the property in Martena Monroe, and that plaintiff was not bound by any secret understanding, if there was one, between Martena and her brother that the brother should retain the actual title to the property.

The judgment appealed from should be reversed, with costs, and judgment directed to be entered as prayed for in the complaint, with costs against the defendant Abraham Monroe.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and judgment directed to be entered as prayed for in the complaint, with costs against the defendant Abraham Monroe. Settle order on notice.