ELEANOR M. DOREO, Plaintiff, *v.* PETER A. DOREO et al., Defendants.

Supreme Court, Special Term, Dutchess County, June 6, 1950.

*Joseph B. Duggan* for Ernest H. Osborne, defendant.

*Philip A. Mylod* for First National Bank of Poughkeepsie, defendant.

*Lloyd L. Rosenthal* for plaintiff.

BAILEY, J. Pursuant to the provisions of rule 112 of the Rules of Civil Practice defendants Ernest H. Osborne and the First National Bank of Poughkeepsie move for judgment on the pleadings striking out and dismissing the complaint.

The complaint alleges that in June, 1944, plaintiff and her husband agreed between themselves to purchase a certain parcel of improved real estate as a home for themselves and family; that pursuant to such agreement plaintiff advanced to her husband the sum of $1,000 representing accumulated savings of plaintiff which sum of $1,000 was used as a cash payment in the purchase of the premises aforesaid and that the balance of the purchase price of $3,500 in excess of the sum of $1,000 was obtained by a mortgage loan made by the Home Cooperative Savings and Loan Association of Poughkeepsie; that plaintiff believed that she and her husband were owners of the premises as husband and wife but that in violation of the agreement with her husband and contrary to her understanding title to the premises was taken in the name of her husband. The complaint further alleges that after the acquisition of the property plain-

tiff, her husband and children moved into the property and at all times since in or about the month of June, 1944, plaintiff, her husband and children have been in actual possession and occupancy of the said premises, thereby giving full notice to the world of her legal and equitable rights in and to the premises.

Defendant, Doreo, husband of the plaintiff conveyed the premises here under consideration to the defendant Osborne by deed recorded in the Dutchess County Clerk's Office, February 21, 1950, and in the transaction of sale Osborne executed to defendant The First National Bank of Poughkeepsie a mortgage presumably to secure a portion of the purchase price. The complaint alleges that the defendants Osborne and the bank both had actual and constructive notice of plaintiff's right, title and interest in and to the property by reason of her open, notorious and actual possession of the property and that the interests of Osborne and the bank are subject to the rights of plaintiff. It is further alleged that of late defendant Doreo has failed to fulfill his duties and obligations as a husband and father to the plaintiff and the children and judgment is demanded that the record title be declared to be held by the husband for the benefit of himself and plaintiff, that the conveyance to Osborne and the mortgage by Osborne to the bank be declared to be subject to plaintiff's interest in the property.

There is no allegation of fraud in the complaint except that defendant Doreo is alleged to have violated the trust and confidence reposed in him by plaintiff by taking title to the property in his name alone; but Doreo is not before the court upon this application. The record title to this property was in Peter A. Doreo and he was entitled to deal with or dispose of it as he saw fit notwithstanding the fact that he was married and his wife and children were in occupancy of the premises and entirely dependent upon him for support. Neither spouse has any immediate interest in the property of the other. No basic right of the wife was invaded by the conveyance of this property by the husband. (*Newman* v. *Dore,* 275 N. Y. 371, 375.)

The defendants Osborne and the bank were entitled to rely upon the recording statute (Real Property Law, § 290 *et seq.*). There is nothing in the complaint to indicate that Osborne was other than a bona fide purchaser for value nor that the bank likewise advanced money upon a mortgage in reliance upon the record title.

That is the purpose of the recording statute and were it not observed chaos would result in all transactions involving titles to real property. See *Olsen* v. *Kleinhenz* (86 N. Y. S. 2d 178).

Plaintiff's contention and the allegation in the complaint that these defendants had actual and constructive notice of her interest in the property by virtue of her occupancy and possession is not entitled to serious consideration. Such occupancy and possession it is alleged was with her husband, the owner and their children. It is a well-established principle of law that the domicile of the wife is the place where the husband has his domicile. (*Matter of Daggett* 255 N. Y. 243; *Hunt* v. *Hunt,* 72 N. Y. 217.) Such possession therefore could not have been considered in any way as adverse to that of her husband.

The complaint as to the defendants Ernest H. Osborne and The First National Bank of Poughkeepsie fails to state a cause of action and the motion to dismiss is granted.

Submit order accordingly.