In the Matter of the Village of Bronxville et al., Respondents, against Clarence Francis et al., Constituting the Board of Appeals of the Village of Bronxville, Respondents, and Pondfield Road Company, Inc., et al., Intervenors-Appellants.

Second Department, March 12, 1956.

*Frederick P. Close* and *Allan R. Campbell* for intervenors-appellants.

*William W. Owens* and *Anthony B. Kuklin* for petitioners-respondents.

UGHETTA, J. This is a proceeding under article 78 of the Civil Practice Act and the Village Law to review the determination of the board of appeals of the Village of Bronxville, which granted a variance in the terms of the local zoning ordinance so as to permit the construction of a bank building containing floor area in excess of the amount permitted by the ordinance. The ordinance permits total floor area not to exceed one and one-half times the area of the lot. In effect the variance, as granted, relieved the intervenors from compliance with the " one and one-half rule " upon compliance with other imposed conditions. The board found that there were practical difficulties and unnecessary hardships in conforming to the ordinance in that a new conforming building would not provide a reasonable return on the fair value of the land and the building, that the age and condition of the present buildings prevented a reasonable return during the brief remaining period of their usefulness, that there is a consequent need for replacement, and that these facts make the hardship peculiarly severe and unnecessary.

At Special Term the board's determination was annulled on the ground that there was no proof of " unique hardship ".

The Bronxville Building Zone Ordinance (art. 12, § 7), in common with almost every zoning statute (cf. N. Y. City Zoning Resolution, §§ 7, 21, and Village Law, § 179-b), authorizes its local board to grant a variance either (1) upon proof of prac-

tical difficulties or unnecessary hardship, or (2) in its discretion, without proof of practical difficulties or unnecessary hardship, in specifically enumerated cases and under specific conditions. (*Matter of Reed* v. *Board of Stds. & Appeals,* 255 N. Y. 126, 134–135.) The ordinance under consideration does not use the term " unique hardship ".

In *Matter of Otto* v. *Steinhilber* (282 N. Y. 71, 76) the factual elements necessary to establish unnecessary hardship were defined as follows: " Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality."

The use of the word " unique " in the *Otto* opinion seems to have resulted in a frequent misinterpretation to the effect that there is a requirement for a showing of " unique hardship ". The phrase used in the *Otto* case is " unique circumstances " and those circumstances are but one of the elements which make up an unnecessary hardship. The phrase " unique circumstances " is not to be construed as " unique hardship ", as though there were a requirement for proving something more severe than an unnecessary hardship.

This court has consistently held that the above-quoted language in the *Otto* opinion is intended to apply to a variance in the *use* of premises and not to a variance in the *area* upon which a building may be constructed. The language quoted above from the *Otto* opinion shows in itself that a use case was under discussion, and other portions of the opinion make that clear. When the variance is one of area only, there is no change in the character of the zoned district and the considerations present in the *Otto* case are not present. A change of area may be granted on the ground of practical difficulties alone, without considering whether or not there is an unnecessary hardship. (*People ex rel. Helvetia Realty Co.* v. *Leo,* 231 N. Y. 619.) This court is committed to the rule that, in the absence of statutory provision to the contrary, special hardship need not be established as a condition to granting an area variance. (*Matter of Perri* v. *Zoning Bd. of Appeals of Inc. Vil. of Scarsdale,* 283 App. Div. 818; *Matter of Kelly* v. *Murdock,* 275 App. Div. 786; *359 West 34th St.* v. *Board of Stds. & Appeals of City of*

*N. Y.*, 279 App. Div. 1032, affd. 305 N. Y. 878; *Matter of Leone v. Yates*, 280 App. Div. 823; *Matter of Atlantic Beach Property Owners' Assn.* v. *Richter*, 281 App. Div. 769.) The rule is recognized generally. (*Matter of Ryback* v. *Murdock*, 1 A D 2d 132.)

The present case is not strictly one of change of area. It is a change in the quantum of the floor area of a building — a bank building — which is a permitted use in the zoned district. It is not a case in which the board could grant a variance as a matter of discretion under the latter part of section 7 of article 12 of the local ordinance because it is not one of the cases specifically enumerated therein. After hearings the board has found on substantial evidence that conformance to the ordinance creates practical difficulties and unnecessary hardship. Such findings give finality to the variance granted (*People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400). The determination should not have been disturbed on the ground that there was no proof of "unique hardship".

The order, insofar as appeal is taken therefrom, should be modified on the law by striking therefrom the last ordering paragraph and by substituting therefor provisions that the proceeding be dismissed and that the board's determination be reinstated and confirmed. As so modified, the order should be affirmed, with $50 costs and disbursements to appellants, payable by petitioners-respondents. The informal findings of fact made at Special Term should not be affirmed.

Present — NOLAN, P. J., WENZEL, UGHETTA, HALLINAN and KLEINFELD, JJ.

Order, insofar as appeal is taken therefrom, modified on the law by striking therefrom the last ordering paragraph and by substituting therefor provisions that the proceeding be dismissed and that the board's determination be reinstated and confirmed. As so modified, order unanimously affirmed, with $50 costs and disbursements to appellants, payable by petitioners-respondents. The informal findings of fact made at Special Term are not affirmed.