Louis D. Laurino, S.
This is a proceeding brought by one coexecutrix to compel the other coexecutrix to join with her in making and delivering a deed conveying a parcel of real property in accordance with a contract of sale made by the decedent on May 14,1970, two months prior to her death. Objections to the sale of property were filed on behalf of the decedent’s husband on the grounds that the contract of sale is unenforceable because the decedent only held title to the property as trustee for herself and her husband as tenants by the entirety pursuant to an alleged trust agreement, and that upon her death title vested in the respondent husband. At the trial the respondent coexecutrix, Georgia Demopoulos, the decedent’s mother, appeared and joined in the objection to the sale, taking a similar position to that of the decedent’s husband.
The property in question had been conveyed to the decedent by deed dated November 14, 1955. On that same day, decedent and her husband executed the following unacknowledged and uattested instrument: “ This is to acknowledge that the sum of three thousand and 00/100 ($3,000.00) Dollars, was contributed by the undersigned equally as husband and wife toward the purchase of a two-family dwelling, located at and known as 227-51112th Road* Cambria Heights, Queens County, New York.
“ It is our understanding and agreement that although title to the said property was taken in the name of gloria demopoulos, the maiden name of the undersigned for personal reasons, that *57 it is the mutual intention that she hold the said title as trustee for both the undersigned, as husband and wife.
‘ ‘ in consideration of this understanding we each agree to contribute as best we can toward the cost of the maintenance, expense and upkeep of the premises and the liquidation of the mortgage debt and any and all other encumbrances and -obligations which may now exist or which may hereafter arise, with respect to the said premises.”
In 1970 the decedent consulted an attorney with respect to the sale of the property. When asked by the attorney why her husband’s name was not on the deed, she informed him that she was the owner of the house. On May 14, 1970 decedent entered into a contract for the sale of the premises to Evans Lloyd Kirby and Udalin Smith. At the time of execution of the contract the respondent husband appeared and entered into a very heated conversation with the decedent, the substance of which is unknown. At that time he failed to express any opposition to the sale, or raise any question concerning title to the other parties present.
The undisputed testimony elicited at the hearing is that at no time, from the beginning of negotiations, until decedent’s death on July 3, 1970, was the alleged trust agreement made known in any way to the seller’s attorney, the purchasers, the purchasers’ attorney, or the real estate broker. Since neither the purchasers nor their agents had any knowledge, actual or constructive, of the alleged trust agreement, it cannot affect their right to enforce specific performance of the contract of sale. (EPTL 7-3.2.) An unacknowledged or unattested deed does not take effect as against a subsequent purchaser. (Real Property Law, § 243.) The prospective purchasers should be protected by the record title of the property in the decedent and not be bound by any private unrecorded agreement between decedent and her husband. (Marrin v. Monroe, 222 App. Div. 251, affd. 251 N. Y. 530; Real Property Law, § 291.)
The respondent husband’s contention that his being in residence at the premises was equivalent to actual notice of title rights is erroneous. Due to the family relationship his possession is entirely consistent with the apparent ownership and possession by the decedent of the premises. (Brown v. Volkening, 64 N. Y. 76, 82, 83; Phillips v. Owen, 99 App. Div. 18; Doreo v. Doreo, 198 Misc. 445, 448.)
Accordingly, no matter what construction is given to the the alleged agreement, it can have no effect on the rights of the purchasers as against decedent’s estate. The respondent’s contention that the purchasers have failed to comply with the *58 terms of the contract of sale is completely without merit. The purchasers testified, and the evidence admitted shows, that they have remained ready, willing and able to perform in accordance with the terms of the contract.
Since all interested parties are before the court, it would appear that a final determination of their respective interests in the net proceeds of the sale after payment of all expenses including brokerage would be both timely and proper in order to avoid further complicated litigation. It is conceded by all those interested that the coexecutrix, Georgia Demopoulos, loaned the decedent the sum of $8,000 towards the purchase of the property, and her lien on the proceeds in that amount has been acknowledged by all parties in the papers filed herein, and by the decedent in paragraph third of her will. As to the balance of the net proceeds, based on all the evidence offered at the trial, the court holds that one half of the net proceeds vests in the respondent husband, and the remaining one half in the estate of Gloria Mavromatis. Although the respondent husband contends that pursuant to the alleged agreement the property was held in trust for the decedent and himself as tenants by the entirety, we are now concerned with the proceeds from a sale of the premises, rather than the real property itself, and the law does not recognize such a thing as a tenancy by the entirety in personal property. (Hawthorne v. Hawthorne, 13 N Y 2d 82; Matter of Blumenthal, 236 N. Y. 448.) The court does not agree with the construction given to the agreement by the husband. It is the court’s conclusion that pursuant to the agreement, the respondent husband never had a direct interest in the property, but his only interest is that of a trust beneficiary and, as such, he is now entitled to share in the proceeds which constitute the corpus. The evidence is devoid of any intent to create either a tenancy by the entirety in the real property or a joint tenancy in the proceeds. Au examination of the decedent’s will, made part of the petition in this proceeding, shows that even the decedent believed that she had an interest in the property to bequeath upon her death. In addition, it must be pointed out that in his testimony the respondent concedes that he was only a “ half-owner of the house ”.