■   In the Matter of ENVOY TOWERS COMPANY, Appellant, and 45 REALTY Co., et al., Petitioners, v JOSEPH B. KLEIN, et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered August 19, 1975, dismissing the petition, unanimously affirmed. Respondent Bims Associates, Inc., shall recover of appellant $60 costs and disbursements of this appeal. The respondent Bims Associates, Inc., is the owner of real property located on the northeast corner of 45th Street and Second Avenue, which area is zoned for both commercial and high-rise residential construction. The lot involved is rectangular in shape, fronting on both Second Avenue and 45th Street, with the longest dimension of the lot facing 45th Street, which is the narrower street requiring the greater setback. The fee owner sought an area variance in order to increase the economic viability of the building to be constructed. The submission of Bims to the board indicated that a narrower, 25-story structure, permissible without a variance, could be more costly to erect than a 20-story, wider structure. Additional structural width as well as other minor modifications would, however, require an area variance. The revised projected return on the variance structure was 7.10%, as opposed to 1.01% for a complying structure. The board, acting pursuant to zoning resolution, § 72–21, found the property to be uniquely small for development, uniquely narrow, and a valuable property, which, absent variance, would not afford a reasonable return on an investment. It granted the variance. We must note that a finding of "special hardship" prior to granting a variance is limited to use variances, while a change of area may be granted on the basis of practical difficulties alone *(Matter of Village of*

*Bronxville v Francis,* 1 AD2d 236, 238, affd 1 NY2d 839; *Dauernheim, Inc. v Town Bd. of Hempstead,* 33 NY2d 468, 471). The rationale for greater leniency in the standard of proof required for an area variance is that such a variance does not change the essential character of the zoned district as a use variance would *(Matter of Hoffman v Harris,* 17 NY2d 138, 144). We find, therefore, under the circumstances presented, that the determination of the Board of Standards and Appeals was neither arbitrary nor contrary to law *(Matter of Elliott v Galvin,* 33 NY2d 594). Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Lane, JJ.