■ In the Matter of SYLVIA EICHENBAUM et al., Appellants, v RALPH ARRED et al., Constituting the Zoning Board of Appeals of the City of Yonkers, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Yonkers granting respondent Nicholas Russo a variance from the minimum side lot requirement of the city's zoning ordinance, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated March 14, 1979, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and the petition is granted to the extent that the determination is annulled and the application for a variance is denied. The petitioners herein seek review of a determination of the Yonkers Zoning Board of Appeals which granted, on 10 specified conditions, a variance which would permit the construction of an attached one-car garage on residential premises owned by respondent Russo and adjacent to petitioners' property. The proposed garage would encroach upon approximately one half of the eight-foot side lot mandated by the municipal zoning ordinance (Yonkers General Ordinance No. 24-1953, as amd, § 107.54, table 107.7). In our opinion, the record before the zoning board fails to establish "practical difficulties" warranting the variance, and the petition was for this reason incorrectly dismissed. The Russo residence originally contained a basement garage with a driveway ascending to ground level. At a hearing before the zoning board in September, 1978, Russo's attorney explained that: "Since the floor of the garage was well below the grade level of Carlton Avenue, the water resulting from rainfall would flow down toward the garage. In order to reduce the effects of repeated flooding of the garage, Mr. Russo had to seal off the garage that was part of the basement and backfill the area formerly occupied by the driveway. It was an only way *[sic]* for him to overcome the hardship and difficulty he suffered because of this repeated flooding." There was no evidence that Russo explored the possibility of less radical measures, such as the installation of additional drains or the modification of the garage floor or driveway gradients, in an attempt to alleviate the flooding problem without rendering the original garage unusable. Moreover, there was evidence that it was possible for Russo to construct the new garage in the rear of his home without violating the minimum side or rear lot requirements of the zoning ordinance. In order to justify the grant of an area variance, it is incumbent upon an applicant to "demonstrate that

'strict compliance with the zoning ordinance will result in practical difficulties.' *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314, *supra;* e.g., *Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 606; *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, 255, *supra; Matter of Village of Bronxville v Francis,* 1 AD2d 236, 238, affd 1 NY2d 839; 2 Anderson, New York Zoning Law and Practice [2d ed], §§ 18.32, 18.33, 18.40.)" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445.) In *Fuhst (supra,* p 445), the Court of Appeals also noted: "While it would appear that no precise definition of the term 'practical difficulties' has yet been formulated, in general, petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance'. (3 Rathkopf, Law of Zoning and Planning [4th ed], ch 45, § 1.)" (See, also, *Matter of Wachsberger v Michalis,* 19 Misc 2d 909.) In the instant case, the record fails to demonstrate that strict compliance with the zoning ordinance would result in practical difficulties. There was no evidence before the zoning board, other than a conclusory statement by the attorney for Mr. Russo, that sealing the original garage and filling in the driveway was the only practicable solution to the flooding problem and thus that the erection of a new garage was the sole means by which Russo could "utilize his property" for the purpose of maintaining a garage. Further, even on the assumption that the construction of a new garage was unavoidable to retain that permitted use, the record falls far short of demonstrating that there was no practicable way of erecting a structure in conformity with the side lot requirement. Accordingly, we conclude that the determination granting the variance was erroneous as a matter of law and not supported by substantial evidence (see *Matter of Fuhst v Foley,* 45 NY2d 441, 444-445, *supra; Matter of Cowan v Kern,* 41 NY2d 591, 598). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.