■ In the Matter of JOHN J. MARTIRANO, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF LEWISBORO et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Lewisboro, made after a hearing, which denied petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Daronco, J.), dated March 18, 1981, which (1) annulled the determination and (2) directed that the area variance be granted. Judgment reversed, on the law, with costs, determination confirmed, and proceeding dismissed on the merits. Petitioner, a lawyer and a builder, is the owner of a lot in the Town of Lewisboro. Section 321 of the town's zoning ordinance provides that buildings erected in Zoning District R-1/2A must have a minimum side yard of 15 feet. Section 313.24 provides that "[n]o porches or balconies may project into any required yard area." In January, 1980 petitioner submitted to the town's building inspector an application for a building permit accompanied by a plot plan. The plan showed an octagon-shaped house with a minimum side yard of 27 feet. The building inspector wrote upon the plan in red ink the notation "Side line 15' + including deck". The building inspector issued a building permit and returned the plan, as annotated, to petitioner. Construction then commenced. In August, 1980, the building inspector noted that an elevated deck (also described by petitioner as an elevated porch or patio) under construction appeared to encroach into a side yard. The work ceased. A survey indicated that the house was built only 15.1 feet to 15.2 feet south of the north property line, and that a portion of the elevated deck extended to within 6.1 feet of the side line. The deck is located about 20 feet above ground level, and is supported by an iron Lally column. Petitioner applied to the zoning board of appeals for a variance. At a public hearing on the matter, petitioner testified he did not wish to alter the deck to make it conform to the ordinance as the design for the house called for two rear decks of a certain length. Mrs. Margaret Pryor, petitioner's next door neighbor, objected to the proposed variance since her home's winterized, enclosed porch constituting her "major living area", was located near the deck. The deck was to be several feet higher than her porch, and she expressed concerns regarding infringements on her privacy. The parties were unable to agree on methods of creating a suitable barrier. After making an on-site inspection, the board denied the requested variance and this CPLR article 78 proceeding was commenced to review the board's determination. Special Term granted the petition, finding that "the interests of justice would be served by granting the variance." We reverse. Petitioner failed to establish "practical difficulties" warranting the variance. In order to justify the grant of an area

variance, "It is incumbent upon an applicant for an area variance to demonstrate that a 'strict compliance with the zoning ordinance will result in practical difficulties.' (*Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314, *supra; e.g. Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 606; *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, 255, *supra; Matter of Village of Bronxville v Francis,* 1 AD2d 236, 238, affd 1 NY2d 839; 2 Anderson, New York Zoning Law and Practice [2d ed], §§ 18.32, 18.33, 18.40.)" (*Matter of Fuhst v Foley,* 45 NY2d 441, 445.) In *Fuhst* (*supra,* p 445), the Court of Appeals also noted: "While it would appear that no precise definition of the term 'practical difficulties' has yet been formulated, in general, petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance'. (3 Rathkopf, Law of Zoning and Planning [4th ed], ch 45, § 1.) In the vast majority of cases concerning area variances, the courts of this State have been confronted by situations in which the unique characteristics of the land itself are such that literal application of the zoning ordinance hinders practical utilization of the property. (See, e.g., *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, *supra* [80-foot difference in grade between front and rear of lot]; *Matter of Wachsberger v Michalis,* 19 Misc 2d 909, affd 18 AD2d 921 [undersized plot]; *Matter of Feldman v Nassau Shores Estates,* 12 Misc 2d 607, affd 7 AD2d 757 [undersized plot].)" In the case before us, petitioner has not established a "practical difficulty"; he only raised the aesthetic objection that strict compliance will result in his having to change the design of one of his house's two elevated porches. On the record as presented to us, petitioner never raised the issue at the hearing as to the possible cost of removing so much of the deck as may have already been built. The board heard the testimony of petitioner's neighbor as to the problems she would face if the variance were to be granted, and also had the benefit of an on-site inspection. In addition, while it is true that a "finding of self-created hardship normally should not in and of itself justify denial of an application for an area variance" (*Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead,* 45 NY2d 105, 108), a self-created difficulty is a factor which may be considered by a zoning board (*Matter of National Merrit v Weist,* 41 NY2d 438). Here, the fact that petitioner, a lawyer as well as a builder, began construction despite the prior notification by the building inspector militates against his application. Accordingly, we hold that the zoning board's determination denying the variance was supported by substantial evidence (see *Matter of Fuhst v Foley,* 45 NY2d 441, *supra; Matter of Eichenbaum v Arred,* 72 AD2d 563). Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.