■ SUSAN MILLER et al., Respondents, v PHILIP J. MESSINA et al., Constituting the Zoning Board of Appeals of the Village of Mamaroneck, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Mamaroneck, dated May 6, 1987, granting the appellants Leonard and Eleanor Weiss an area variance to maintain a raised deck, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered November 12, 1987, which annulled the determination, and directed Leonard and Eleanor Weiss to remove the raised deck.

Ordered that the appeal by the members of the Zoning Board of Appeals of the Village of Mamaroneck is dismissed as abandoned; and it is further,

Ordered that on the appeal by Leonard and Eleanor Weiss, the judgment is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs, payable by the appellants Leonard and Eleanor Weiss.

Leonard and Eleanor Weiss constructed a deck behind their house which extended to within one foot of the boundary between their property and the property of the petitioner Miller and extended to the waterfront at the rear boundary of their property. Upon being informed that they were violating the village's zoning ordinance, they sought an area variance, which the Zoning Board of Appeals of the Village of Mamaroneck granted.

The Supreme Court properly set aside that determination. The Weisses failed to prove that their compliance with the zoning ordinance would result in " 'practical difficulties' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445). It appears that compliance with the zoning ordinance would prevent them from employing their choice of a specific aesthetic design for their deck. This is not a practical difficulty *(see, Matter of RRI Realty Corp. v Hattrick,* 132 AD2d 558; *Matter of Martirano v Zoning Bd. of Appeals,* 87 AD2d 820). The determination ran counter to the standards for granting variances set forth in Village of Mamaroneck Code § 342-92 and constituted an abuse of discretion *(see, Matter of Fuhst v Foley, supra,* at 444).

We have considered the Weisses' remaining contentions and find them to be without merit. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.