◾ In the Matter of ROUND DUNE, INC., Individually and on Behalf of its Residents and Shareholders, Respondent, v ROBERT KRUCKLIN et al., Constituting the Board of Zoning Appeals of the Town of Southampton, Respondents, and WALTER ZANG et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning Appeals of the Town of Southampton, dated April 15, 1986, as granted to the intervenors Walter Zang and Hampton Habitat, Inc. a variance to enable them to construct a building 50 feet from the crest of the most northerly of certain dunes, the intervenors appeal from a judgment of the Supreme Court, Suffolk County (Yachnin, J.), dated December 16, 1986, which, *inter alia,* granted the petition and vacated the Board's determination granting the 50-foot dune setback variance.

Ordered that the judgment is modified by (1) deleting the third and sixth decretal paragraphs; (2) deleting from the

fourth decretal paragraph, the words: "in the Code of Rules and Federal Regulations and incorporated into the Southampton Town Code § 69-9 (B) (8)" and substituting therefor. the words "in Southampton Town Code § 53-18 (F) (2) as incorporated in Southampton Town Code § 69-9. (B) (5)"; and (3) adding to the seventh decretal paragraph after the word "Southampton" the phrase "for a de novo hearing and determination of the intervenors' application for a variance of the 100-foot dune setback requirement and if necessary"; and as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Board of Zoning Appeals of the Town of Southampton for further proceedings consistent herewith.

In this case, the intervenors Walter Zang and Hampton Habitat, Inc. applied to the Board of Zoning Appeals of the Town of Southampton, *inter alia,* for a variance from Southampton Town Code § 69-9 (B) (4) (a) to permit the construction of a one-family dwelling, deck and pool, on property which is located in a Tidal Floodplain Overlay District in East Quogue, Southampton, and fronts on the Atlantic Ocean beach south of Dune Road. Southampton Town Code § 69-9 (B) (4) (a) provides that, "[o]n the ocean beach water frontage, all new and replaced buildings and structures shall be set back no less than one hundred (100) feet inland from the crest of any and all ocean beach dunes". After a hearing, the Board granted the intervenors a dune setback variance of 50 feet, in addition to land frontage and side-yard dune setback variances and permission to build on a right-of-way.

Thereafter, Round Dune, Inc., individually and on behalf of its individual residents and shareholders, which owns a residential cooperative consisting of four buildings and 76 apartment units located south of Dune Road in East Quogue, commenced this proceeding and successfully challenged the Board's determination insofar. as it had granted the 50-foot setback variance.

Initially, we find no merit to the intervenors' contention that Round Dune, Inc., individually and as the representative of its members, had no standing to maintain this proceeding. "In determining whether a particular organization should have such standing, the court should be satisfied that the organization before it is an appropriate one to act as the representative of the group whose rights it is asserting" *(Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7). In this case, the board of directors of the cooperative authorized it to bring the proceeding, and the membership in Round

Dune, Inc. is open to all of its residents and shareholders who own property in the relevant neighborhood. In addition, it appears that the effect of the Board's decision sought to be reviewed falls within the "zone of interest" to be protected by the Town Code *(see, Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9). Southampton Town Code § 69-9 (B) (4) (a) was specifically designed "to minimize the dangers, damage and related hazards resulting from" flooding of the ocean beach caused by Atlantic coastal storms and hurricanes and "to promote the health, safety and the general welfare of the town" (Southampton Town Code § 69-9 [B] [1]). Given the fact that the ocean beach property of Round Dune, Inc. is within 400 to 500 feet from the subject property, together with the broad protective intent of the statute, the Supreme Court properly found that Round Dune, Inc. was a proper representative of its residents and shareholders.

We further agree with the Supreme Court that in granting the 50-foot dune setback variance, the Board incorrectly applied a "practical difficulty", rather than an "exceptional hardship" standard. At the time of the Board's determination, Southampton Town Code § 69-9 (B) (8) provided, in relevant part, as follows: "(8) The Board of Appeals * * * shall hear and decide appeals and requests for variances from the requirements of this section consistent with the standards of Section 60.6 of the Rules and Regulations of the National Flood Insurance Program, 44 CFR 60". 44 CFR 60.6 (a) (3) specifically provided that variances "shall only be issued by a community upon * * * (ii) a determination that failure to grant the variance would result in exceptional hardship to the applicant".

After the Board's decision, the Southampton Town Code was amended by the deletion of paragraph (8) of subdivision (B) of section 69-9. However, section 69-9 (B) (5) of the amended Code provides that "[i]n addition to the provisions of [subd (B)], all development within the Tidal Floodplain Overlay District shall also comply with the provisions of Chapter 53, Prevention of Flood Damage, of this Code". Southampton Town Code, chapter 53, § 53-18 (F) incorporates the "exceptional hardship" standard by providing that "[v]ariances shall only be issued upon receiving written justification * * * (2) A determination that failure to grant the variance would result in exceptional hardship to the applicant".

An area variance may be granted on the ground of practical difficulties or unnecessary hardship, in the absence of a statute or ordinance to the contrary *(see, Matter of Village of*

*Bronxville v Francis,* 1 AD2d 236, 238, *affd* 1 NY2d 839). However, in this case, the provision of the ordinance directs the application of the more stringent standard of exceptional hardship, which requires something more severe than practical difficulties or unnecessary hardship *(see, Matter of Village of Bronxville v Francis, supra,* at 238). Therefore, this higher standard should have been applied by the Board in considering the intervenors' application for the 50-foot dune setback variance.

The Supreme Court apparently determined that the record failed to support the conclusion that the intervenors had met the extreme hardship standard so as to justify a 50-foot dune setback variance, but remitted the matter to the Board for a reconsideration as to whether the land frontage and side-yard setback variances were the minimum required to permit an observance of the 100-foot dune setback requirement. However, we find that under the circumstances, the matter should be remitted to the Board for a de novo hearing and determination of the intervenors' application for a variance of the 100-foot dune setback requirement based upon the extreme hardship standard required by the Southampton Town Code; and then, if necessary, the Board should reconsider whether the land frontage and side-yard setback variances are the minimum required to permit an observance of the 100-foot dune setback requirement. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.