Requestor: Patrick M. Malgieri, Esq., County Attorney County of Monroe County Office Building 39 Main Street Rochester, New York 14614
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to the effect of the transfer of a town highway to the county road system.
By way of background, we note that the county is responsible for the upkeep and maintenance of the highways which are part of the county road system. Highway Law § 115. In addition, State contributions to the county road fund depend on, among other factors, the total mileage of county and local roads within the county. Id., §§ 10-c, 114; State Finance Law § 88. Highways are made part of the county road system when they are added to the county highway map pursuant to a procedure set forth in section 115 of the Highway Law.
As stated in your letter, Monroe County wishes to add to the county's road system a road which is currently a town highway. The transfer of the highway from the town system to the county system and its placement on the county map is governed by section 115 of the Highway Law. See,
1972 Op Atty Gen (Inf) 137.
Your letter also notes that the town owns title in fee simple absolute in the land over which the town road runs. Your question is whether the transfer of the highway from the town highway system to the county road system also serves as a transfer of ownership of the land beneath the highway.
The method for transferring interests in real property is highly formalized. In order for a conveyance of real property to be effective as against subsequent third-party purchasers, the conveyance must be done by means of an executed, witnessed deed, which must be recorded in the county clerk's office. See, Real Property Law §§ 246, et seq., 290, etseq. for a complete discussion of the requirements of conveying property. if the requirements of the Real Property Law are not complied with, the transaction is, in effect, a nullity inasmuch as the seller is free to reconvey the property to a third party. City of New York v NewYork South Brooklyn Ferry Steam Transp. Co., 251 N.Y. 18, 25 (1921);Chamberlain v Spargur, 86 N.Y. 603, 607-608 (1881); Matter ofMavromatis, 70 Misc.2d 55 (Queens Co, Surrogate Ct, 1972). These rules apply equally to conveyances to which municipalities are parties. Real Property Law § 243; General Construction Law § 37; seeAckert v New York, 156 App. Div. 836 (1st Dept, 1913); Matter of Villageof Bronxville v Francis, 206 Misc. 339 (Sup Ct, Westchester Co, 1954) mod on other grnds 1 A.D.2d 236 (2d Dept), affd 1 N.Y.2d 839 (1956).
Our review of section 115 and the other relevant provisions of the Highway Law does not reveal any basis for contending that the rules governing conveyance of real property are suspended when the property involved is owned by a municipality and/or used for highway purposes. When a highway is made part of the county road system, or the road system of any municipality, it is not necessary for the municipality to take title to the land in question. In many cases, the municipality has only a right of way which allows it to enter on the property in order to build and maintain the roadway. See, 1988 Op Atty Gen (Inf) 37; 1975 Op Atty Gen (Inf) 202.
In those situations where the town has a right of way only, and the underlying land is owned by a third party, the transfer of the road to the county highway system can have no effect on the ownership of the third party: there is simply nothing in section 115 of the Highway Law which would act to alienate the third party's ownership rights. Similarly, there is nothing in section 115 which would alienate the town's ownership rights, inasmuch as transfer of ownership is not necessary for the assumption of maintenance by the county.
The 1972 opinion, cited in your letter, does not state that transfer of a road to the county system requires a transfer to the county of ownership in the land beneath the highway. 1972 Op Atty Gen (Inf) 137. While transfer of ownership in the land in fee simple absolute may be desired by the parties, it is not necessary as a matter of law.
We conclude that the transfer of a town highway to the county road system pursuant to Highway Law § 115 does not result in a transfer of fee title to the land underlying the highway. To the extent that earlier opinions apply a different result, they are hereby overruled. 1972 Op Atty Gen (Inf) 137.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.