Joseph F. Gagliardi, J.
This is a special proceeding to review a determination of the Zoning Board of Appeals of the Town of Yorktown dated July 30, 1964, which has denied *511 petitioners’ application for a variance to permit construction of an additional bedroom and a two-car garage on their premises. Some nearby property owners have been allowed to appear and serve their answer to the petition as intervenors-respondents. It is conceded that the application was required because petitioners’ house is on a 1.076-acre parcel situated in a two-acre zone. It is improved with a one-story ranch house with living room, kitchen, one bedroom, two baths and a lddneyshaped swimming pool. Petitioners claimed practical difficulty arises from the fact that the house presently has only one bedroom and additional sleeping space is required to accommodate their 14-year-old daughter who is presently in a hospital for illness. Most of the other residences in the area have two-car garages.
The usual letters of neighbors for and against the variance were submitted to the board. Petitioners also submitted a memorandum of a real estate appraiser who opined (1) that petitioners would recover at best 50% of the money expended in improvements due to the lack of additional bedroom space; (2) that in its present condition it would appeal to a rare specialized type buyer; and (3) that it is presently nonmortgageable.
The board by decision dated July 30, 1964, ruled inferentially that it had no power to grant the variance upon the ground that it was prohibited by section 454 of the Zoning Ordinance of the Town of Yorktown and ruled, in any event, that no ‘ ‘ practical difficulty” or “ exceptional physical condition” was shown to have been involved as contemplated by section 552.02 of the Zoning Ordinance. The Town Attorney has served an answer on behalf of the board which seeks to defend the determination only upon the latter ground. The answer admits that the board had power to grant the variance but denies that it refused it improperly. However, the intervenors-respondents urge as a separate defense that the board did not have that power in that it would increase the nonconformity as prohibited by section 454 of the ordinance which reads as follows: “454. Non-Conformity, Other Than Use: A building that is conforming in use but does not conform to the height, yard, or land coverage requirements of this Ordinance, shall not be considered to be non-conforming within the meaning of Section 453. No permit shall be issued that will result in the increase of any non-conformity in height, yard space or land coverage. ’ ’
The intervenors-respondents claim that the above is an absolute bar while the Town Attorney contends that the board has power to vary or adjust its application under section 552.02 which reads as follows:
*512 “ 552.02 Variance or Adjustment-. Where the strict application of any of the requirements of this Ordinance in the case of an exceptionally irregular, narrow, shallow, or steep lot, or other exceptional physical conditions, as a result of which strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case, the Board of Appeals shall have the power, upon appeal, to vary or adjust the strict application of the regulations or provisions of this Ordinance. No adjustment in the strict application of any provisions of this Ordinance shall be granted by the Board of Appeals unless it finds:
“ 552.021 That there are special circumstances or conditions, fully described in the findings of the Board of Appeals, applying to the building or land for which the adjustment is sought, which circumstances or conditions are peculiar to such land or building and do not apply generally to land or buildings in the neighborhood.
“ 552.022 That, for reasons fully set forth in the findings of the Board, the aforesaid circumstances or conditions are such that the particular application of the conditions of this Ordinance would deprive the applicant of the reasonable use of such land or building and the granting of the adjustment is necessary for the reasonable use of the land or building, and that the adjustment as granted by the Board is the minimum adjustment that will accomplish the purpose.
“ 552.023 That the granting of the adjustment will be in harmony with the general purposes and intent of this Ordinance and of the Town Development Plan, if such exists, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.”
The objection to the expansion of the building is not addressed to the one-family ‘" use ’ ’ but to the fact that petitioners ’ parcel is smaller than the two acres now required by the ordinance for construction in that zone. Hence, Matter of Pisicchio v. Board of Appeals (165 Misc. 156) and other cases involving an actual nonconforming “use” are not in point. However, it is also not suggested that the one-story ranch dwelling violates the height requirements alluded to in the above section 454. Moreover, the reference to “yard” and “land coverage ” requirements is obviously made to section 446.4 of the ordinance captioned “Building Height and Yard Requirements.” Section 446.41 thereof states the minimum distances a building must be from the various boundaries of the lot. Furthermore, section 446.42 thereof establishes the *513 rule as to " land coverage.’’ It mandates, inter alia, that: ‘ ‘ All buildings on any lot shall not cover in the aggregate a total of more than 10% of the lot area.” Petitioners have not requested a variance such as requested in Matter of Cordes v. Moore (308 N. Y. 761), of those provisions dictating the size of yards or the percentage of the lot covered by the existing or proposed .structure. Nor does the fact that the lot is undersized under one provision of the Zoning Ordinance necessarily mean that the yards are, or will be, undersized or that the building is, or will be, oversized under other provisions. In fact, such violations have neither been suggested nor refuted. Such issues would arise either on an application to vary those requirements or upon the refusal of a building permit based on those requirements. As for this proceeding, section 454 and inferentially section 446.4 of the ordinance furnish no bar to this application to vary the size of lot restrictions.
Interveners further urge that petitioners have not shown that their lot is “ exceptionally irregular, narrow, shallow, or steep” or that there is another “ exceptional physical condition ” within the meaning of section 552.02. The conclusion is advanced that the board is prohibited from issuing area variances. It may well be that an undersized parcel with other factors constitutes an “ exceptional physical condition.” In addition, the provisions of section 552.02 seem to run contrary to section 552 which provides that: ‘ ‘ none of the following sections shall be deemed to limit any of the power of the Board of Appeals that is conferred by general law.” That is clearly a reference to section 267 of the Town Law generally empowering a Board of Appeals to vary or modify the application of a zoning ordinance in cases of practical difficulties or unnecessary hardships “ so that the spirit of the ordinance shall be observed, public .safety and welfare secured and substantial justice done” (subd. 5). Certainly the above provisions of the Zoning Ordinance when read together with the Town Law empower the board to pass upon area variances. Any other result would be anomalous. This court does not have to determine whether the Town Board had the power to limit the power of the Zoning Board of Appeals (see Matter of Waldorf v. Coffey, 5 Misc 2d 80) since the ordinance is not read as containing such a restriction.
That brings us to the merits of whether the board’s determination refusing the variance of the two-acre zoning provision is justified. The factual question is whether petitioners’ personal need for sleeping space for their daughter together with the present legal existence of only one bedroom and no garage *514 so constitute V practical difficulty ” as to require issuance of a variance of the two-acre zoning requirements with respect to those proposed improvements. Since no “ use ” variance is involved, there is no question of possible alteration of the character of the neighborhood as in Matter of Otto v. Steinhilber (282 N. Y. 71, 76). (See Matter of Village of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839.) In Matter of Quaglio v. La Freneire (203 N. Y. S. 2d 968) it was alleged that the natural growth of petitioner’s children and the addition of a mother-in-law can constitute ‘ ‘ practical difficulty. ’ ’ The pleading was held sufficient in a proceeding to review a determination denying a variance of back yard requirements in connection with the proposed expansion of a home. It is true that the proceeding was subsequently dismissed on the merits (211 N. Y. S. 2d 239), but that was so because petitioner was actually able to construct an extension of satisfactory size without reducing the back yard to less than the amount prescribed by the ordinance. These petitioners are unable to add a foot to accommodate their daughter or their automobile without a variance. It is unreasonable from the economic or the social point of view to limit a home in a two-acre residential zone in a suburban community to one bedroom and no garage. Therefore, the petition is granted and the determination is annulled.