John C. Mabbach, J.
Petitioners commenced an article 78 proceeding to review a determination of the Zoning Board of Appeals of the Town of Clarkstown (Zoning Board) dated October 4,1971, and filed with the Town Clerk, Town of Clarkstown, on November 30, 1971, which denied petitioners’ application for. a special permit to convert a single-family residence into two dwelling units and for an area variance to the required .side yard width.
This proceeding was timely instituted by service of a petition on respondents on December 17, 1971. The petition seeks, pursuant to subdivision 3 of CPLR 7803, to have the Zoning Board’s determination annulled and a judgment directing that such special permit and area variance be granted.
Petitioners, husband and wife, ages 61 and 55 respectively, have .resided in a one-family, ranch-style house on a private road, zoned as R-15, for some 13 years. Due to the illness of Mr. Zebrowski, which curtails his ability to be gainfully employed, petitioners, in fear of not being able to maintain the house and, possibly, retain ownership, requested their married son to move in with them. The son, his wife and small daughter presently reside with petitioners.
Petitioners, under date of August 17, 1971, made application for a building permit from respondent Bowman, Building Zoning Inspector of the Town of Clarkstown (inspector), to convert their one-family residence into a two-dwelling unit which would add a separate living room, kitchen, bedroom and bath connected to the existing dwelling. Petitioners would then occupy the new quarters.
As a result of the intended conversion to a two-dwelling unit, the side yard area on one side of the dwelling would be 10 feet whereas the zoning ordinance bulk requirements require 25 feet. An area variance was requested.
The inspector denied both applications and an appeal was taken to the Zoning Board. A public hearing pursuant to the Clarkstown Zoning Ordinance was held on October 4, 1971, at which petitioners, their son and four local property owners testified or submitted written statements.
Petitioners testified at the hearing as to the nature of the proposed conversion, the economic difficulties (described above) that forced them to make their application, and the general character of the neighborhood,
*975 The adjacent property owner on the side of petitioners’ house for which the area variance is requested, as well as two others in the immediate vicinity, testified that they had no objection to ■the proposed conversion into a two-dwelling unit.
Only one property owner objected at the hearing to the petitioners’ application. That objection was grounded on the possibility of the dwelling being sold and later used for rentals, the existing parking congestion and possible increased vehicle traffic.
Pursuant to section 4.31 of the Clarkstown Zoning Ordinance, upon an application for a special permit, the Zoning Board is required to make findings of fact as to availability of public facilities, traffic congestion and hazards, effect on character of the area, effect on public health, safety and general welfare and compliance with other zoning regulations, in regard to a requested use.
The Zoning Board made the following findings in respect to the special permit request:
(1) The proposed use is appropriately located with respect to transportation, water supply, fire and police protection and public facilities.
(2) The proposed use would cause undue traffic congestion and traffic hazards.
(3) The proposed use would adversely affect the character of the area.
(4) The proposed use would impair the public convenience, safety, comfort and prosperity and other aspects of the general welfare of the town.
In respect to the requested area variance, no findings were set forth, but under the caption ‘ ‘ Conclusions of Law ’ ’ the board stated: ‘ ‘ third : That the grant of the variance would not be in harmony with the general purpose and intent of this ordinance and would be injurious to the neighborhood and otherwise detrimental to the public welfare.”
The petition alleges that the determination of the Zoning Board was arbitrary, capricious and an abuse of discretion and that the board failed to make the special findings of fact required by the zoning ordinance.
Respondents in reply allege that the Zoning Board’s determination does not deprive petitioners of the reasonable use of their land and building and that petitioners failed to establish “ practical difficulties or unnecessary hardship within the meaning of Section 267, subd. 5, of the Town Law and Section 8.332 of Chapter 45 of the Code of the Town of Clarkstown.”
*976 Turning first to the request for a special permit, the zoning ordinance states in the table of general use regulations (§ 3.11, col. 3, par. 3) that “ Conversion of a single family detached residence into not more than two dwelling-units ” is a use permitted by special permit.
The zoning ordinance, therefore, recognizes and permits the use requested by petitioners under special permit as consistent and in harmony with the over-all zoning plan. Petitioners, under these circumstances, are not obliged to demonstrate that the zoning ordinance imposes unnecessary hardship or practical ' difficulties (Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10, affd. 4 A D 2d 766 [2d Dept., 1957]), and a special permit cannot be withheld on that basis.
Concerning the Zoning Board’s findings of fact, set forth above, they disclose no evidence upon which they are based and are mere conclusions restating the language found in the zoning ordinance (Matter of Hattem v. Silver, 19 Misc 2d 991 [1959]).
An increase of one family will hardly cause a material or substantial difference in traffic or congestion in the area. There is no finding to that effect or facts in the record to support such a conclusion. Similarly, there is no finding or facts in the record to support the Zoning Board’s determination that the character of the area would adversely be affected or that the proposed use would impair the public convenience, .safety, comfort, etc. To the contrary, the only evidence adduced at the hearing confirmed existing use and conditions in the area, conditions and uses which are sanctioned by and in harmony with the zoning ordinance.
In respect to the area variance application, the petitioner need only show ‘ ‘ practical difficulties ’ ’ to support its request for the variance (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839 [1956]).
The addition of a mother-in-law to a family, requiring construction of additional rooms, has been held to constitute a ‘ ‘ practical difficulty” (Matter of Quaglio v. La Freneire, 203 N. Y. S. 2d 968 [Sup. Ct., 1960], which holding was followed in Matter of Lippe v. Cisternino, 44 Misc 2d 510 [1964]) where an additional child in the family necessitated a similar expansion and area variance request. Petitioners’ case is no different and a ‘ ‘ practical difficulty ’ ’ was established.
In the absence of any demonstration or claim by the Zoning Board that public health, safety and welfare will be served by denying the variance (Matter of Fulling v. Palumbo, 21 N Y 2d 30 [1967]), petitioners have met their burden and justified their right to an area variance.
*977 For the reasons ,set forth above, the Zoning Board’s determination is found to be arbitrary and capricious and an abuse of discretion. The determination should be annulled and the Zoning Board is directed to issue a special permit and area variance in accordance with the petitioners’ application dated August 17,1971.