OPINION OF THE COURT
Jasen, J.
The sole issue presented for our determination is whether the zoning board of appeals abused its discretion, as a matter of law, in denying the petitioner’s application for an area variance based on "practical difficulties”.
Richard F. Fuhst, the petitioner, is the owner of a one-family dwelling located in a residential zoning district of the Town of Greenburgh in the County of Westchester. The applicable section of the town zoning ordinance provides for a 25-foot front-yard setback. Without obtaining a building permit, petitioner proceeded to enclose the front entrance of his dwelling. While in the process of this construction, petitioner was advised by an assistant building inspector of the town that he must acquire a permit in order to do this type of work. Because the planned enclosure would extend beyond the re *444 quired front-yard setback, he was further advised that he needed an area variance before a building permit could be issued. Petitioner, thereafter, applied to respondents, the Zoning Board of Appeals of the Town of Greenburgh, for a variance to reduce the required front-yard setback from 25 feet to 21 feet in order to enclose his front porch. Apparently, while this application was pending, petitioner completed the enclosure.
After a hearing, the zoning board denied the application for an area variance, and petitioner did not seek a review of this determination. Approximately three months later, petitioner filed a new application requesting nearly identical relief, to wit, a reduction in the front-yard setback from 25 feet to 20 feet, rather than the 21 feet as initially requested. At this hearing, petitioner offered in evidence a letter from the attending physician of petitioner’s infant children, which states, in substance, that the infant children suffer from repeated respiratory infections, and construction of the front door enclosure would prevent drafts and be beneficial to the children’s health. Petitioner also asserted that the enclosure reduced heating costs and improved the appearance of the dwelling.
The zoning board, in denying the application, stated, inter alia, that petitioner "failed to demonstrate unique circumstances or practical difficulty or hardship running with the land.” Petitioner commenced this article 78 proceeding to vacate the zoning board’s determination as arbitrary and capricious. Special Term found that petitioner had "shown sufficient practical difficulties as to require the issuance of the requested area variance”. The Appellate Division, with one Justice dissenting, reversed, on the law, and confirmed the zoning board’s decision.
There should be an affirmance. We begin, as we must, by reiterating the well-established rule that local zoning boards have discretion in considering applications for variances and the judicial function is a limited one. A zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion. (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309.) That is to say, the determination of responsible local officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence. (Matter of Cowan v Kern, 41 NY2d 591, 599; McGowan v Cohalan, 41 NY2d 434, *445 438; Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers, 17 NY2d 249, 255.)
Hence, our concern is whether there is substantial evidence to support the determination reached by the zoning board in denying petitioner an area variance. We believe there is. It is incumbent upon an applicant for an area variance to demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties.” (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314, supra; e.g., Matter of Consolidated Edison Co. of N. Y. v Hoffman, 43 NY2d 598, 606; Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers, 17 NY2d 249, 255, supra; Matter of Village of Bronxville v Francis, 1 AD2d 236, 238, affd 1 NY2d 839; 2 Anderson, New York Zoning Law and Practice [2d ed], §§ 18.32, 18.33, 18.40.) While it would appear that no precise definition of the term "practical difficulties” has yet been formulated, in general, petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon "without coming into conflict with certain of the restrictions of the [zoning] ordinance”. (3 Rathkopf, Law of Zoning and Planning [4th ed], ch 45, § 1.)
In the vast majority of cases concerning area variances, the courts of this State have been confronted by situations in which the unique characteristics of the land itself are such that literal application of the zoning ordinance hinders practical utilization of the property. (See, e.g., Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers, 17 NY2d 249, supra [80-foot difference in grade between front and rear of lot]; Matter of Wachsberger v Michalis, 19 Misc 2d 909, affd 18 AD2d 921 [undersized plot]; Matter of Feldman v Nassau Shores Estates, 12 Misc 2d 607, affd 7 AD2d 757 [undersized plot].)
Concededly, petitioner does not now contend that the denial of his request for a variance places him in a position of having property or a structure located thereon which cannot be used without coming into conflict with the zoning ordinance. Petitioner already has the use of a one-family residence which has been developed for that purpose and which he presently occupies with his family. Rather, the record discloses that petitioner seeks relief from the required 25-foot front-yard setback to accommodate his front entrance enclosure, constructed in the hope that by eliminating drafts from the repeated opening and closing of the front door, his children’s *446 respiratory infections will be curtailed. Simply stated, petitioner’s primary purpose in requesting the area variance was motivated by the personal health infirmities of his family.
The question of whether health problems of individual residents can constitute practical difficulties sufficient to require an area variance is one of first impression for this court.* While petitioner’s intentions prompting the construction of a front entrance enclosure are understandable, we believe the possible alleviation of a family health problem is a purely personal objective, only tenuously related to petitioner’s use of his property as a one-family residence. Only in rare circumstances, not now before this court, may problems of a personal nature possibly constitute "practical difficulties” to the landowner, therefore justifying the issuance of an area variance.
Although petitioner cites Matter of Lippe v Cisternino (44 Misc 2d 510) and Matter of Zebrowski v Herdman (72 Misc 2d 973) as authority for the proposition that illness, invalidity or poor health of the applicant or members of his family constitutes practical difficulties, these cases are distinguishable from the present case since their holdings are predicated upon the ground that due to the number of persons living in the residence, additional facilities were deemed necessary. (See, also, Quaglio v La Freniere, 211 NYS2d 239.) Since any allegation of the need for additional living space is foreign to petitioner’s application, we need not now reach the merits presented by such circumstances.
No factor submitted by petitioner to the zoning board in support of his application for an area variance indicates that petitioner or his family is being denied the practical use of the dwelling by requiring strict compliance with the 25-foot front-yard setback mandated by the town’s zoning ordinance. The conjectured benefits to the children’s health, or indeed the reduction in petitioner’s electric bills, lack a meaningful nexus to the use of the property itself. Thus, we agree with the Appellate Division’s conclusion that "[a]t most, personal convenience was proven.” (57 AD2d 956.)
*447 We reject petitioner’s assertion that this court’s recent decision in Matter of Baskin v Zoning Bd. of Appeals of Town of Ramapo (40 NY2d 942) expressly approved a determination that an applicant’s personal problem suffices to merit a zoning variance. Our holding in Baskin (supra) dealt solely with the issue of whether a dwelling occupied by what would clearly qualify as one family under the zoning ordinance becomes a two-family dwelling under the same zoning ordinance merely because it contains two kitchens.
In sum, an applicant does not qualify for an area variance by showing that he is merely inconvenienced by the zoning restrictions. (Van Deusen v Jackson, 35 AD2d 58, 62, affd 28 NY2d 608; 2 Anderson, New York Zoning Law and Practice [2d ed], § 18.37.) Instead, he must demonstrate a practical difficulty in the use and development of his property which would necessitate the granting of an area variance. This, on the record before us, petitioner failed to do.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 We note that in Aronson v Board of Appeals of Stoneham (349 Mass 593), the Supreme Judicial Court of Massachusetts held that sufficient hardship to warrant a variance of the side-yard provisions was not shown where the proposed porch was for the use of an invalid child, even though it was determined that high shrubbery between the adjacent lots preserves the privacy of neighbors and that the value of the adjoining properties will not suffer by reason of the intended addition.