■ In the Matter of JANE DREXLER, as Successor in Interest to JOHN CIARDULLO, et al., Respondent, v TOWN OF NEW CASTLE et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of New Castle which denied the application of predecessors in title of petitioner Jane Drexler for a town freshwater wetlands permit to construct a tennis court on their property, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Daronco, J.), entered August 19, 1982, which granted the petition and directed the town and the planning board to reconsider the merits of the application to construct a tennis court, without regard to the town's freshwater wetlands law, and which failed to grant the appellants' cross motion for summary judgment dismissing the petition. Order and judgment reversed, on the law, with costs, cross motion granted and petition dismissed on the merits. The appeal centers upon the town planning board's March 2, 1982 denial of the application of John and Mary Ciardullo for a wetlands permit to construct a tennis court on their premises. While this appeal was pending, Jane Drexler, the successor to the Ciardullos' interest in the property, was substituted as petitioner-respondent by order of this court dated February 10, 1983. The core of the Ciardullos' claim with respect to the freshwater wetlands provisions of the Town Code of the Town of New Castle (Local Laws, 1979, No. 4 of Town of New Castle, Town Code of Town of New Castle, ch 137), was that their property could not be a "true" freshwater wetland under the town code because of the town's admitted failure to adopt a map designating the wetlands under its jurisdiction. Petitioner Drexler contends that the code's description of wetlands by definition, without a map, was insufficient notice that the property in question was governed by the freshwater wetlands provisions of the code because: "the existence of a wetland is determined according to a narrative definition that is not readily ascertainable by a property owner in New Castle". We note, however, that in July, 1979, prior to taking title to the subject premises, the Ciardullos, in connection with their application to construct a single-family residence on the premises, applied for a town wetlands permit to enable them to construct a mandatory septic tank system on the property. The minutes of the July 24, 1979 meeting of the planning board relating to that application

state in relevant part: "Mr. John Ciardullo appeared before the Board and said that he would like to build a house on his property on Attitash Road and needs the Board's approval of the location of the septic field because that portion of his land lies in a wetlands area". Thus, in 1979 the Ciardullos were on notice that a portion of their property was wetland and required a permit for the proposed tennis court construction, and they have not in any way been prejudiced by the fact that the town has not filed a wetlands map. Accordingly, on the particular facts of this case we find no merit to petitioner Drexler's contention that she is entitled to a grant of the 1981 tennis court permit application simply because of the town's failure to file a map under its wetlands code. Finally, we find that the evidence establishes no basis for mandating a variance from the provisions of the town wetlands code to permit construction of a tennis court on the subject premises. The denial had a rational basis and was supported by substantial evidence in the record. The petitioner has failed to show that the denial of permission to construct a tennis court will "cause undue hardship to the property owner" (see Town Code of Town of New Castle, § 137-6, subd D, par [2]; *Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591). Titone, J. P., Gibbons, Niehoff and Boyers, JJ. concur.