■ In the Matter of 7-11 Associates et al., Respondents, v Board of Standards and Appeals of the City of New York, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Felice Shea, J.), entered on or about

October 9, 1984, directing respondent to grant petitioner's appeal and to reverse the decisions of the Borough Superintendent of the Department of Buildings dated May 7, 1983, which denied altered building applications numbered 1335/82, 1336/82 and 1334/82, and to grant such applications, reversed, on the law, the petition dismissed and the determination of the Board of Standards and Appeals reinstated, without costs.

Petitioners are the owners of premises 107, 109 and 111 Greene Street. Ever since 1890 the three structures have been operated as a single unit. While each of these structures rests on separate load-bearing walls, these walls had openings in them four feet wide, to permit ready interior access from one structure to another. In 1963, the three structures were described as a single building for the purpose of modifying a fire department order concerning the sprinkler system. They were similarly described in 1967 in an application for an alteration permit. The heating system is common to all structures. Moreover, the structures have always been in common ownership and, when conveyed, have been conveyed simultaneously to the same new ownership. On the other hand, there were separate water and sewer hookups for each of the three structures and each structure originally had its own certificate of occupancy. Some time prior to 1976, the three certificates of occupancy were superseded by a single certificate of occupancy.

In 1982, petitioners became owners of the three structures. They bricked up the openings in the walls. There is some evidence that they then altered the ground floor premises of each of the structures and rented them for retail use. Contending that the use was in violation of the law, the city authorities sought and obtained an injunction restraining such use. Petitioners applied to the Department of Buildings for alteration permits to permit conversion of the ground floor of each structure to retail use. The applications were denied. Petitioners then appealed to the Board of Standards and Appeals. The Board sustained the Department of Buildings. This CPLR article 78 proceeding was thereafter commenced to review the holding of the Board. Special Term was of the opinion that the Board's ruling was in error. It overruled that determination and directed that the alteration permits issue. We reverse.

The structures are located in the SoHo Area. The zoning resolution permits ground floor retail use in premises which occupy less than 3,600 square feet of lot area. If the structures

were to be denominated separate buildings, each would stand on a lot area of less than 3,600 square feet. If, on the other hand, the structures be denominated a single building, the lot area is almost double the allowable area and the Building Department properly denied petitioners' application for the alteration permits.

Some time prior to 1961, the lots were denominated a single zoning lot. Since 1955 they have constituted a single lot for tax purposes. The other attributes of the structures indicate that they have always been considered a single building. Petitioners could not, by the simple process of bricking up the passageways within the structures, constitute them three separate buildings. The Board's determination was rational and was supported by substantial evidence. In these circumstances it must be confirmed (*Matter of Fuhst v Foley,* 45 NY2d 441, 444).

Parenthetically, the respondent correctly notes that the zoning resolution provides only for a merger of lots into a zoning lot by declaration. It does not authorize the subdivision of zoning lots, for to do so could defeat many of the purposes of the zoning resolution. If, as petitioners contend, the area in which the structures are located is no longer suitable for the purposes for which they have been zoned, the proper procedure is an application for a special permit under section 74-782 of the zoning resolution, an option available to petitioners even if the premises here involved are a single building. Concur—Sullivan, J. P., Asch, Bloom, Milonas and Ellerin, JJ.