■ In the Matter of THEODORE SAYERS, Respondent, v KENNETH WESSBERG, as Chairman of the Zoning Board of Appeals of the Village of East Hampton, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of East Hampton dated April 26, 1983, denying petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Pantano, J.), dated October 18, 1984, which vacated the determination.

Judgment reversed, on the law, with costs, determination confirmed, and proceeding dismissed on the merits.

Our review of the record indicates that the Board's denial of the variance had a rational basis. Thus, Special Term erred when it substituted its judgment for that of the Board and reversed the Board's determination. It is well established "that local zoning boards have discretion in considering applications for variances and the judicial function is a limited one. A zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion * * * That is to say, the determination * * * will be sustained if it has a rational basis and is supported by substantial evidence" *(Matter of Fuhst v Foley,* 45 NY2d 441, 444). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.