■ In the Matter of JOHN SORRENTI, Appellant, v HARRY SIEGEL et al., Constituting the Board of Zoning and Appeals of the Town of North Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning and Appeals of the Town of North Hempstead, dated October 2, 1985, which denied the petitioner's application for an area variance to permit the maintenance of an existing carport erected in violation of the side-yard setback and aggregate side-yard setback requirements of the Code of the Town of North Hempstead, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Harwood, J.), dated March 13, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of real property situated in a residence B zoning district in the Town of North Hempstead which is presently improved with a one-family residence containing an attached two-car garage. Shortly after the petitioner purchased the premises, he erected, in 1965, without a building permit a one-story carport next to the two-car attached garage. The carport did not meet the requirements of the Code of the Town of North Hempstead providing for a side-yard setback of 7 feet and an aggregate side-yard setback of 15 feet (Code of Town of North Hempstead § 70-41 [A]). The side-yard setback and aggregate side-yard setback of the petitioner's carport are 1 foot and 11 feet, respectively.

In July 1985 the petitioner received a notice of violation from the Building Department of the Town of North Hempstead. The petitioner applied to the Building Department for a permit to maintain the existing carport but that application was denied because of the side-yard setback and aggregate side-yard setback violations. Thereafter, the petitioner applied to the Board of Zoning and Appeals of the Town of North Hempstead for an area variance. The Board of Zoning and Appeals denied the petitioner's application, finding that the granting of the variance would produce a substantial change in the character of the neighborhood and cause a detriment to adjoining property owners, and, further, the petitioner failed to demonstrate any practical difficulties would result from the denial of his application for a variance.

The petitioner then commenced the instant CPLR article 78 proceeding to review the denial of his application by the Board of Zoning and Appeals. Special Term dismissed the proceeding on the ground that the determination of the Board of Zoning and Appeals was supported by substantial evidence. We affirm.

It is a well-established principle of law that local zoning boards possess discretionary authority to consider applications for variances and the judicial function is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion *(see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Cowan v Kern,* 41 NY2d 591, 599, *rearg denied* 42 NY2d 910; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). If the zoning board's determination has a rational basis and is supported by substantial evidence it will ordinarily be sustained by the courts *(Matter of Fuhst v Foley, supra; Human*

*Dev. Servs. v Zoning Bd. of Appeals, supra,* at 138). The applicant for an area variance bears the burden of establishing that strict compliance with the zoning law will cause "practical difficulties" *(Matter of Fuhst v Foley, supra,* at 445; *Human Dev. Servs. v Zoning Bd. of Appeals, supra).*

In the matter before us, we find that the petitioner has failed to carry his burden of establishing that the denial of his application for a variance would result in practical difficulties. The evidence presented by the petitioner before the Board of Zoning and Appeals failed to demonstrate that he would suffer significant economic injury should his application for a variance be denied *(see, Matter of Cowan v Kern, supra,* at 596-597). Furthermore, the record fails to show that "as a practical matter [the petitioner] cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting from 3 Rathkopf, Law of Zoning and Planning, ch 45, § 1 [4th ed]). Lastly, we conclude that any "difficulty" alleged by the petitioner was self-created. Thus, it cannot be said that the Board of Zoning and Appeals of the Town of North Hempstead abused its discretion when it denied the petitioner's application for substantial side-yard setback and aggregate side-yard setback variances. Special Term properly held that the determination of the Board of Zoning and Appeals was supported by substantial evidence in the record. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.