■ In the Matter of NISSAN MIZRACHI, Appellant, v HARRY J. SIEGEL, as Chairman of the Board of Zoning and Appeals of the Town of North Hempstead, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead, dated January 6, 1988, which denied the petitioner's application for a variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered February 8, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of real property situated in a residence B zoning district in the Town of North Hempstead which is presently improved with a one-family residence. In 1987, the petitioner erected, without a building permit, an addition to his dining room. The addition did not meet the requirements of the Code of the Town of North Hempstead providing for a rear-yard setback of 15 feet (Code of Town of North Hempstead § 70-42), a building area not to exceed 30% of the lot area (Code of Town of North Hempstead § 70-38), and a restriction that "[a] nonconforming building shall be extended, altered, enlarged, replaced or moved only if such extension, alteration, enlargement, replacement or move does not increase the existing nonconformity" (Code of Town of North Hempstead § 70-208 [F]). The Board of Zoning and Appeals of the Town of North Hempstead (hereinafter the Board) found that with the addition, the premises occupied 35.26% of the lot and provided a rear-yard depth of only four

feet. The Board also found that "the alteration * * * to a nonconforming dwelling with established insufficient total aggregate side yards would be contrary to § 70-208 (F) of the Code of the Town of North Hempstead" since a prior variance was granted for "insufficient aggregate side yard" in 1950.

A notice to cease and desist from all further construction on the addition was sent to the petitioner in April 1987. The petitioner asserted that he did not receive this notice because he was out of the country on business. The petitioner applied to the Building Department of the Town of North Hempstead for a permit to maintain the addition, but that application was denied pursuant to the aforementioned provisions of the zoning ordinance. Thereafter, the petitioner applied to the Board for an area variance. The Board denied the petitioner's application, finding that the granting of the variance would harm adjoining property owners, that the variance requested was too substantial, and, further, that the petitioner failed to demonstrate any practical difficulties would result from the denial of his application.

The petitioner then commenced the instant proceeding to review the denial of his application by the Board. The Supreme Court, Nassau County (Christ, J.), dismissed the proceeding on the ground that the Board's determination was supported by substantial evidence. "It is a well-established principle of law that local zoning boards possess discretionary authority to consider applications for variances and the judicial function is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion *(see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Cowan v Kern,* 41 NY2d 591, 599, *rearg denied* 42 NY2d 910; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). If the zoning board's determination has a rational basis and is supported by substantial evidence it will ordinarily be sustained by the courts *(Matter of Fuhst v Foley, supra; Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 138). The applicant for an area variance bears the burden of establishing that strict compliance with the zoning law will cause 'practical difficulties' *(Matter of Fuhst v Foley, supra,* at 445; *Human Dev. Servs. v Zoning Bd. of Appeals, supra)" (Matter of Sorrenti v Siegel,* 138 AD2d 382, 383-384). Additionally, the denial of a variance must not deprive the petitioner of the ability to utilize the property without coming into conflict with the zoning ordinance *(see, Matter of J.T.T. Contrs. v Ward,* 148 AD2d 537; *Matter of Fuhst v Foley,* 45 NY2d 441, *supra; Matter of Paniccia v*

*Volker,* 133 AD2d 404, 406). A determination denying an area variance to one who has established that the application of the zoning ordinance imposes a significant economic injury may not be an arbitrary and capricious decision which does not foster a legitimate public interest *(see, Matter of Straub v Gustafson,* 148 AD2d 541; *Matter of Fulling v Palumbo,* 21 NY2d 30).

In the matter before us, we find that the petitioner has failed to carry his burden of establishing that the denial of his application for an area variance would result in practical difficulties. The evidence presented by the petitioner before the Board failed to demonstrate that he would suffer significant economic injury should his application for a variance be denied *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596-597, *supra).* Furthermore, the record fails to show that "as a practical matter [the petitioner] cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, *supra,* quoting from 3 Rathkopf, Law of Zoning and Planning, ch 45, § 1 [4th ed]). In addition, the Board had a rational basis for denying the variance since the record showed that the shape of the property was such that a literal application of the zoning ordinance would not hinder practical utilization of the land *(see, Matter of Wiley v Board of Appeals,* 140 AD2d 701, 702). Moreover, it is clear from the record that the denial of the present application would not result in practical difficulties in the utilization of the structure on the parcel since the variances have been sought merely to accommodate a chosen aesthetic design *(see, Matter of RRI Realty Corp. v Hattrick,* 132 AD2d 558; *Matter of Fuhst v Foley, supra,* at 445). Any "difficulty" alleged by the petitioner was self-created. Thus, it cannot be said that the Board abused its discretion when it denied the petitioner's application for the rear-yard setback and building area variances. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.