■ In the Matter of UNIVERSAL SQUARE, LTD., et al., Appellants, v STEVEN TELL et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Great Neck, dated November 3, 1988, which denied the petitioners' application for an area variance, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered August 22, 1989, as confirmed the determination in part.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioners contend that the determination of the Zoning Board of Appeals was not based on substantial evidence. We disagree. It is well settled that a zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness, or abuse of discretion. It is also well settled that it is incumbent on an applicant for an area variance to demonstrate that strict compliance with the zoning ordinance will result in practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140). In the case at bar, the petitioners adduced no evidence as to the market value of the property as zoned, without a variance. Hence, there was no proof of significant economic injury which is one of the factors

to be considered in determining whether practical difficulties exist *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra)*. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.