■ In the Matter of RICHARD VREELAND et al., Appellants, v ZONING BOARD OF APPEALS OF THE VILLAGE OF OTISVILLE, Respondent.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Lange, J.), entered June 20, 1990 in Orange County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for a use variance.

Petitioners own a two-story dwelling located on 4.6 acres lying within the Village of Otisville in Orange County which in 1969 zoned the subject area as an R-1 zone permitting only one-family dwellings. The Village's Building Inspector served petitioner Richard Vreeland with a notice of violation for using the premises as a two-family dwelling and petitioners were convicted following a trial in Justice Court. Petitioners then applied to respondent for a use variance or, alternatively, for an appeal from the decision of the Building Inspector who had found that the use of the building as a two-family dwelling did not predate enactment of the zoning ordinance. Respondent denied the use variance and upheld the finding by the Building Inspector. In this CPLR article 78 proceeding by petitioners seeking annulment of respondent's determination, Supreme Court granted respondent's motion to dismiss the petition. This appeal followed.

Although petitioners have asserted four arguments in their brief on this appeal, the issues distill to (1) whether respondent's determination upholding the Building Inspector's finding that the premises were not used as a two-family dwelling prior to the effective date of the Village's 1969 zoning ordinance was supported by substantial evidence, and (2) whether it was proper for respondent's attorney to prepare a draft of

proposed findings prior to a final determination by respondent. Initially, we note that respondent erred in finding that petitioners were collaterally estopped by the determination of the Justice Court that a prior lawful nonconforming two-family use had not been established. Collateral estoppel is not to be mechanically applied *(Gilberg v Barbieri,* 53 NY2d 285, 292) but rather "requires consideration of 'the realities of litigation' " wherein trivial stakes in a prior suit may not have motivated vigorous litigation *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153). The Justice Court action, although nominally a criminal trial, arose out of a violation of the Village's zoning ordinance and was not actually a crime (usually defined as a felony or misdemeanor); therefore, the findings should not be accorded collateral estoppel effect *(see, Gilberg v Barbieri, supra,* at 292-293).

Notwithstanding that error, our examination of the record discloses that petitioners failed to present evidence sufficient to support their contention that the premises were in use as a two-family dwelling on the effective date of the Village's zoning ordinance. Petitioners' proof of use by two families between 1946 and 1988 showed that use to have been only on occasions when family members or friends occupied the premises, mainly during summer months. In addition, two separate living units never existed and the premises have never been completely divided into two parts. It was not until 1988 that for the first time the property was rented to two separate tenants. The record contains substantial evidence to support respondent's determination that a valid nonconforming use was not established and therefore that determination was properly upheld by Supreme Court *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444).

Petitioners' only other argument meriting attention is focused upon their contention that it was error for respondent's attorney to present a draft decision prior to the completion of the hearing on an adjourned date. At that adjourned hearing date, however, petitioners did not offer any further proof and the testimony from the single witness who did appear was rejected as irrelevant. The hearing was deemed closed and respondent's members thereafter had one month in which to consider the draft determination before voting at the September 1989 meeting. Any contention that respondent was improperly influenced in its decision is without merit.

Finally, we note that petitioners have not addressed their contention that respondent erred in the denial of the application for a use variance and we therefore deem that argument

to have been abandoned, particularly inasmuch as no proof of unnecessary hardship was adduced *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 607).

Mahoney, P. J., Casey, Mikoll and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.