■ In the Matter of GERALD GRACE, Appellant, v GERALD PALERMO et al., Constituting the Zoning Board of Appeals of the Town of Brookhaven, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated October 5, 1989, which, after a hearing, denied the petitioner's application for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered January 22, 1990, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a parcel of real property in East Patchogue upon which his home is located. In 1988 he hired a contractor who constructed a detached garage on the premises. The contractor erected the garage without securing the requisite building permit and in violation of height and setback limitations. Upon notification of the violation from the Town of Brookhaven, the petitioner applied for variances. After a hearing, his application was denied.

It is well settled that local zoning boards have discretion in considering applications for variances. To be granted an area variance, the applicant must show that strict compliance with

the zoning law will cause "practical difficulties" *(see, e.g., Matter of Wilcox v Zoning Bd. of Appeals,* 17 NY2d 249, 255; *Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757).* While there is no precise definition of the term "practical difficulties", in general, the "petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445). The basic inquiry at all times is whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner *(see, Matter of Townwide Props. v Zoning Bd. of Appeals, supra; Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108).

In determining whether strict application of the zoning ordinance will serve a valid public purpose which outweighs the injury to the property owner, a zoning board must consider, " '(1) how substantial the variance is in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether, in view of the manner in which the difficulty arose, the interest of justice will be served by allowing the variance' " *(Matter of Townwide Props. v Zoning Bd. of Appeals, supra,* at 759; *Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748, 749; *see also,* 2 Anderson, New York Zoning Law and Practice § 23.34, at 208-209 [3d ed]).

Turning to the facts of the instant case, we conclude that the petitioner's request for a variance was properly denied. The petitioner conceded his ability to situate the garage on his property in such a way as to conform to the setback requirements of the zoning law, seriously diminishing his claim of practical difficulties *(see generally, Matter of Fuhst v Foley, supra,* at 445). The respondent further properly considered that a 17-foot front-yard setback in a zoning district requiring a setback of at least 70 feet was clearly a substantial deviation from the zoning requirement and had produced a substantial impact on the neighborhood. The magnitude of a desired area variance is significant since the greater the variance in area restrictions the greater the likelihood of a severe impact upon the community *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 441; *cf., Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757, 759, *supra).*

We further note that the respondents properly considered

the self-created nature of the violation. A finding of self-created hardship normally should not in and of itself justify denial of an application for an area variance. However, it is certainly a factor to be taken into account *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108, *supra).* Here, the applicant built the garage first, without having a proper building permit or proper variances. Although the petitioner asserted that he relied in good faith on the contractor who built the garage for him, this by no means obviates the self-created nature of the violation. The financial hardship associated with relocating the garage or taking it down does not in and of itself entitle the applicant to an area variance *(see, Matter of National Merritt v Weist, supra,* at 442).

We have reviewed the petitioner's remaining contentions and find them to be without merit *(see, Matter of Berka v Seltzer,* 170 AD2d 450). Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.