■ In the Matter of SOL LEVINE et al., Appellants, v ELISE KORMAN et al., Respondents, and ELIZABETH M. CAIN, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals for the Incorporated Village of Southampton, dated January 19, 1989, which denied the petitioners' application for an area variance, the petitioners appeal from (1) an order of the Supreme Court, Suffolk County (Namm, J.), dated June 25, 1990, which directed that the proceeding be dismissed, and (2) a judgment of the same court, entered September 18, 1990, upon the order, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed *(see,* CPLR 5701 [b] [1]), and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the respondents and intervenor-respondent, appearing separately and filing separate briefs, are awarded one bill of costs.

We reject the petitioners' contention that they could legally construct the desired expansion of their home for use as a master bedroom without a variance. The Code of the Village of Southampton § 116-19 (c) (3) provides that a nonconforming structure such as the petitioners' home "may be enlarged * * * except that the degree of nonconformity shall not be increased". An interpretation of that section that an increase in the bulk of a nonconformity would constitute an increase in the "degree of nonconformity" is reasonable and rational *(see, Matter of Frishman v Schmidt,* 61 NY2d 823). Therefore, a variance for the expansion was required.

With respect to the denial of the variance, upon review, the determination of a zoning board should be regarded as presumptively correct, and that determination will be upheld where it is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Perlman v Board of Appeals,* 173 AD2d

832). In the present case, the petitioners failed to make the requisite showing of "practical difficulties" in order to establish entitlement to an area variance by demonstrating that without the variance they could not utilize the structure without coming into conflict with the restrictions of the zoning ordinance *(see, Matter of Fuhst v Foley, supra,* at 445). In addition, the requested variance for the extension was sought merely to accommodate a chosen aesthetic design, which will not support a finding of practical difficulties *(see, Matter of Mizrachi v Siegel,* 160 AD2d 801). Moreover, the petitioners are presumed to have had knowledge at the time they purchased the property of the applicable zoning restrictions, and, therefore, under the circumstances of this case any hardship was self-created *(see, Matter of Suratwala v Casey,* 172 AD2d 613; *Matter of Iannucci v Casey,* 140 AD2d 343). Thus, the Board's determination was supported by substantial evidence, and, therefore, was proper. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.