■ In the Matter of PUTNAM MATERIALS CORP., Also Known as PATTERSON BLACKTOP CORP., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF PATTERSON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Patterson dated March 19, 1990, which denied the petitioner's application for an area variance, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (Dickinson, J.), dated August 20, 1990, as dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner, the owner of a five-acre lot in an area zoned Industrial I in the Town of Patterson, sought to improve its parcel with an asphalt manufacturing plant. The equipment which the petitioner proposed to use in the manufacture of

asphalt is itself approximately 70 feet in height. Contrary to the petitioner's contention, we find that the respondent Zoning Board of Appeals did not act improperly in determining that the height limitation for buildings contained in the Town's zoning ordinance *(see,* Town of Patterson Code §§ 154-4, 154-6, 154-7) also applied to the equipment in question.

The 35-foot maximum height limitation contained in the Town's zoning schedule establishes the permissible height of "buildings" *(see,* Town of Patterson Code §§ 154-6, 154-7). Significantly, Town of Patterson Code § 154-3 (A) (2) provides in pertinent part that "the word 'building' includes the word 'structure' ". In turn, "structure" is defined in part as "[a]nything constructed or erected * * * which requires location on or in the ground or attachment to something having a location on or in the ground" (Town of Patterson Code § 154-3 [b]). The Zoning Board of Appeals acted within its area of expertise in interpreting the Town of Patterson Code and in determining thereunder that the proposed asphalt equipment was a "structure" because it required location on the ground and was anchored on concrete footings. Accordingly, it cannot be said that the Zoning Board of Appeals acted arbitrarily or irrationally in applying the height limitation to the proposed structure in this case.

Nor did the Zoning Board of Appeals act improperly in denying the petitioner's application for a variance from the height limitation. It is well settled that local zoning boards have broad discretion in considering applications for variances, and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary and capricious, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Bienstock v Zoning Bd. of Appeals,* 187 AD2d 578). A zoning board's determination will ordinarily be sustained upon a showing that the determination has a rational basis.

"It is incumbent upon an applicant for an area variance to demonstrate that 'strict compliance with the zoning ordinance will result in practical difficulties' " *(Matter of Fuhst v Foley, supra,* at 445, quoting *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). While there is no precise definition of the term "practical difficulties", in general, the "petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting from 3 Rathkopf, Law of Zoning and Planning, ch 45,

§ 1 [4th ed]; *Matter of Grace v Palermo,* 182 AD2d 820). The petitioner claims that it has established practical difficulties because, without a variance, it cannot operate an asphalt manufacturing plant on its property. We disagree.

There is no indication that the petitioner is precluded from utilizing the property for any of a number of other manufacturing uses, including the construction and operation of an alternate type of asphalt manufacturing plant. Absent a showing that "as a practical matter [it] cannot *utilize* [its] property" *(Matter of Fuhst v Foley, supra,* at 445; emphasis supplied), the petitioner's inability to pursue its preference for building a particular type of asphalt plant does not constitute "practical difficulties" *(see, Matter of Fuhst v Foley, supra,* at 446-447; *cf., Matter of Bienstock v Zoning Bd. of Appeals, supra).* Thus, the petitioner did not qualify for an area variance, and the denial of its application had a rational basis.

In light of our determination, we decline to review the parties' remaining contentions. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.