■ In the Matter of SAKREL, LTD., Respondent, v DAVID I. ROTH et al., Appellants. [611 NYS2d 268] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, filed September 4, 1991, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered June 26, 1992, which annulled the determination and directed the appellants to issue the requested variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner's application for an area variance was denied by the appellants, and the petitioner commenced the instant proceeding, seeking to annul that determination. The Supreme Court, Suffolk County, granted the petition, finding that the denial of the petitioner's application was arbitrary and capricious, and an abuse of its discretion. We disagree.

In reaching its determination, the board considered the fact that the petitioner's requested variance was a 33.3% reduction from code requirements and, thus, substantial. The board further found that nearby properties would suffer substantial

detriment, and that environmental capacities would be strained. The board considered testimony adduced at the hearing that the subject area was congested, and had attendant parking and traffic problems, safety problems, and flooding problems. The record amply supports the board's conclusion that the petitioner's requested variance would only exacerbate the existing problems.

It is well settled that local zoning boards have substantial discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). The zoning board's determination will ordinarily be sustained if the determination has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley, supra,* at 444).

The record in this case clearly establishes that the board's determination was not arbitrary and capricious, but rather had a rational basis and was supported by substantial evidence (*see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702; *Matter of Fuhst v Foley,* 45 NY2d 441, *supra; Matter of Cicenia v Zoning Bd. of Appeals,* 157 AD2d 722). Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.