■ In the Matter of BRIAN CARROLL et al., Appellants, v DAVID WRIGHT et al., Respondents. [666 NYS2d 725] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown, dated February 29, 1996, which, after a hearing, granted the application of Mark A. Campbell for an area variance, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered October 24, 1996, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Mark A. Campbell applied to the Zoning Board of Appeals of the Town of Yorktown (hereinafter the Board) for a variance in connection with the premises he owned at 823 Old Kitchawan Road in the Town of Yorktown. Intending to demolish the existing residence, which was located on the southeast corner of his 80,018 square-foot lot, Campbell sought a variance from the minimum lot-area requirement of 160,000 square feet to allow

the construction of a centrally-located residence on the lot. Campbell's lot was rendered substandard as a result of an upzoning of the area from two-acre minimum lot sizes to four-acre minimum lot sizes.

Campbell's application was placed on the Board's agenda for December 21, 1995, and was scheduled for a public hearing and site visit with referrals to the Building Inspector and Tax Assessors. After public hearings on the matter, the Board, in a written decision dated February 29, 1996, granted Campbell's application for an area variance.

The adjoining landowners, Brian Carroll, Celia Carroll, and Isabelle E. Wirth, commenced the instant proceeding pursuant to CPLR article 78 seeking to set aside the Board's determination asserting, *inter alia,* that the Board's decision was not supported by substantial evidence and that the Board was without jurisdiction to grant the variance.

On the merits, we conclude that the Board's determination to grant Campbell's application for an area variance to construct a new centrally-located residence on his nonconforming lot was supported by substantial evidence and was rationally based. The Board correctly applied the balancing test contained in Town Law § 267-b (3) (b) in granting the application (*see, Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Fuhst v Foley,* 45 NY2d 441).

The petitioners' remaining contention is without merit. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.