■ In the Matter of VENGROFF, WILLIAMS & ASSOCIATES, INC., Respondent, v LAURA MANSI et al., Appellants. [671 NYS2d 128] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Huntington Board of Zoning and Appeals, dated May 9, 1996, which, after a hearing, denied the petitioner's application for permission to reconstruct a fire-damaged, nonconforming structure, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered February 21, 1997, which, *inter alia*, granted the amended petition, annulled the determination, and directed that the necessary permit or permits be issued.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the amended petition is denied, and the proceeding is dismissed on the merits.

The petitioner owns real property located in Centerport, in the Town of Huntington, Suffolk County. The property was improved with a structure containing a restaurant, offices, and apartments. Since the structure, which had no on-site parking, had been erected before the on-site parking provisions of the Town's zoning code were enacted, it was nonconforming in that respect.

On April 18, 1994, the structure was destroyed by fire. Because of its nonconforming status, the structure could only be rebuilt in accordance with the Town of Huntington Code § 198-106 (B), which provided, in relevant part: "If a building occupied by a nonconforming use is damaged by any cause to the extent of less than fifty percent (50%) of the reconstruction cost of the total structure, it may be reconstructed and used as before the time of damage".

The petitioner applied to the Town of Huntington Building Department for approval to reconstruct the premises. Its application was rejected, and it appealed to the Town of Huntington Zoning Board of Appeals (hereinafter the Board).

Following a hearing on the petitioner's application, to address the question of whether the damage to the structure was less than 50 percent of the cost to rebuild the entire structure, the Board concluded that the petitioner did not establish that the damage was less than 50 percent of the reconstruction cost. The petitioner then commenced this proceeding to review the Board's determination. The Supreme Court granted the petition, finding that the evidence supported a determination in the petitioner's favor. We reverse.

It is well established that local zoning boards have broad discretion in considering the applications before them, and that judicial review is limited to determining whether the action taken by a zoning board was illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444). A board's determination will be sustained if it has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, supra, at 444).

The record clearly establishes that the determination of the Board was not arbitrary and capricious, but had a rational basis and was supported by substantial evidence. It was undisputed that petitioner's premises was "gutted" by the fire, leaving nothing but a burnt-out shell. The evidence presented by the parties opposing the petitioner's application confirms

what common sense dictates—that "repairing" such damages would cost more than 50 percent of the cost to reconstruct the entire structure. Accordingly, the Supreme Court erred in granting the petition. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.