■ In the Matter of ROBERT I. TOUSSIE, Appellant, v FRANK C. TROTTA, as Chairman of the Board of Zoning Appeals of the Town of Brookhaven, et al., Respondents. [723 NYS2d 890] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Brookhaven dated July 21, 1999, denying an application for, inter alia, an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated February 1, 2000, which denied the petition.

Ordered that the judgment is affirmed, with costs.

In a proceeding pursuant to CPLR article 78 to review a determination of a board of zoning appeals, judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Smith v Board of Appeals, 202 AD2d 674). To annul an administrative determination made after a hearing, the court must conclude that the determination was not supported by substantial evidence on the record when read as a whole (see, Matter of Fuhst v Foley, supra).

In Matter of Sasso v Osgood (86 NY2d 374), the Court of Appeals explained that Town Law § 267-b (3) (b) requires a zoning board to engage in a balancing test, weighing "the benefit to the applicant" against the "detriment to the health, safety and welfare of the neighborhood or community" if the variance is granted (Matter of Sasso v Osgood, supra, at 384). The Supreme Court properly concluded that the respondents, in

making their determination, properly applied Town Law § 267-b (3) (b). The record establishes that the determination denying the variance was not arbitrary and capricious and was supported by substantial evidence (*see, Matter of Fuhst v Foley, supra; Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.