■ In the Matter of DAVID AXELROD et al., Appellants, v ZONING BOARD OF APPEALS OF THE VILLAGE OF PORT JEFFERSON, Respondent.

The petitioners are the owners of a parcel of land in the Village of Port Jefferson improved with a multiple dwelling. In June 1985, tenants living in the dwelling were forced to evacuate the premises after an investigation by county and village officials indicated that explosive levels of gasoline were present in the area surrounding the house. The gasoline had originated elsewhere and had "migrated" under the property. The State became involved and site wells, a fuel abatement system and a recovery system were brought onto the premises in an attempt to abate the problem and restore the property to a safe condition. During the time period the property has been vacant the petitioners have received payments from the State representing the loss of rental income that they sustained.

While the property was still uninhabitable, the petitioners applied for a building permit to convert the subject premises from a residence to an eight-unit office complex. The application was denied based upon a zoning code provision requiring a minimum of 18,500 square feet to convert residences in the zone encompassing the petitioners' property to offices. The petitioners' parcel consists of 15,775 square feet, 2,725 square feet less than the prescribed minimum. The petitioners appealed the determination to the respondent Zoning Board of Appeals, seeking an area variance.

After a hearing, the Zoning Board denied the application, holding in relevant part, (1) that the petitioners did not demonstrate unnecessary hardship since they were receiving payments from the State, (2) that the environmental problem was not permanent and would eventually be abated; and (3) that no evidence of practical difficulty was submitted to justify the area variance.

The petitioners then commenced a proceeding pursuant to CPLR article 78 to review this determination of the Zoning Board, and also filed a second notice of appeal with the Zoning Board seeking an area variance to convert the property to an office complex comprised of 5 rather than 8 units. This application was also denied, and the petitioners in effect amended their petition in the CPLR article 78 proceeding to seek review of this second determination as well.

Based upon our review of the record, the Supreme Court properly dismissed the proceeding as it has not been shown that the Zoning Board abused its discretion by denying the

variance *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 312). The petitioners failed to present sufficient evidence to the Zoning Board that denial of the variance "would result in the infliction of either significant economic hardship or practical difficulty" *(Matter of Cowan v Kern,* 41 NY2d 591, 596, *rearg denied* 42 NY2d 910; *see also, Matter of Fuhst v Foley,* 45 NY2d 441; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140, *affd* 67 NY2d 702). Thus, the Zoning Board's denial of their applications has a rational basis and will not be disturbed *(see, Matter of Fuhst v Foley, supra,* at 444).

Although a CPLR article 78 proceeding is not the proper vehicle to challenge the constitutionality of legislative enactments, we will treat the portion of the petition which seeks a declaration that the zoning ordinance of the Village of Port Jefferson is unconstitutional as applied to the petitioners' property as a declaratory judgment action and thereby dispose of the proceedings on the merits *(see, Press v County of Monroe,* 50 NY2d 695, 702-703; *Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review,* 120 AD2d 738).

The petitioners are required to overcome the presumption of constitutionality of the zoning ordinance, as applied to their property, by proof beyond a reasonable doubt that the property would not yield a reasonable return under any of the uses permitted by the zoning ordinance *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Matter of National Merritt v Weist,* 41 NY2d 438). This they did not do. Accordingly, the Supreme Court should not have dismissed the petition in its entirety without declaring that the zoning ordinance is constitutional as applied to the petitioners' property *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.