█ In the Matter of HERBERT R. MANDEL, Appellant, v SOUTHOLD TOWN BOARD OF APPEALS, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Southold dated March 5, 1987, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered June 17, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of real property located in East Marion in the Town of Southold. In 1982 the petitioner applied to the Planning Board of the Town of Southold for permission to subdivide the subject property into three sections. The Planning Board approved the subdivision of sections one and two into 49 one-acre lots which satisfied the minimum lot size requirement of the Town of Southold Zoning Code for the area in which the property was located. Section three, however, was not submitted for approval since the petitioner was in the process of dedicating a portion of that section to the East Marion Fire District. Subsequently, on September 13, 1984, the petitioner deeded a parcel of approximately 10,000 square feet to the Fire District.

In May 1983 the Town of Southold Zoning Code was amended to increase the minimum lot size for property in the area of the petitioner's parcel from 1 acre to 2 acres.

On January 15, 1986, the petitioner applied to the Building Department of the Town of Southold for a permit to subdivide section three into three lots. Due to the insufficient area of each individual lot under the amended Zoning Code, the Building Department disapproved the proposed subdivision. The petitioner in turn appealed the determination of the Building Department to the Zoning Board of Appeals seeking an area variance.

Following a hearing, the Zoning Board of Appeals denied the petitioner's application, concluding in relevant part that: (a) the difficulties claimed were insufficient to warrant the relief requested; (b) the percentage of relief requested was substantial in relation to the zoning requirements; (c) the difficulties claimed by the petitioner were self-created; (d) there was another feasible alternative for the petitioner to pursue in order to obtain minimal relief; and (e) the interests

of justice would be served by denying the variance as applied for.

Significantly, the Zoning Board of Appeals noted that "[a] plan could be submitted under the circumstances for insufficient area of two parcels, as an alternative for consideration".

The petitioner commenced the instant CPLR article 78 proceeding to review the denial of his application. The Supreme Court dismissed the proceeding on the ground that the determination of the Zoning Board of Appeals was not arbitrary or capricious.

We affirm.

Based upon our review of the record, the Supreme Court properly dismissed the proceeding since it has not been shown that the Zoning Board of Appeals erred by denying the petitioner an area variance (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 312; Matter of Axelrod v Zoning Bd. of Appeals, 140 AD2d 437). The evidence presented to the Zoning Board of Appeals by the petitioner failed to demonstrate that denial of the variance "would result in the infliction of either significant economic hardship or practical difficulty" (Matter of Cowan v Kern, 41 NY2d 591, 596, rearg denied 42 NY2d 910; see also, Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 140, affd 67 NY2d 702; Matter of Sorrenti v Siegel, 138 AD2d 382). Thus, the denial of the application by the Zoning Board of Appeals has a rational basis and will not be disturbed (see, Matter of Fuhst v Foley, 45 NY2d 441, 444). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.