■ In the Matter of STANLEY WEISSBERG, Appellant, v MICHAEL P. SCHOENFELD et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determina-

tion of the Zoning Board of Appeals of the Town of Huntington, dated April 30, 1987, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), entered August 19, 1987, which dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On December 27, 1986 the petitioner purchased certain real property located in the Town of Huntington which is comprised of two unsubdivided lots, one of which is improved by a single-family dwelling. Shortly thereafter, the petitioner sought to subdivide the property and to construct a single-family dwelling on the vacant lot. After the petitioner's application for a building permit was denied because the 46.50-feet frontage of the proposed lot failed to meet the 50-feet minimum required by the zoning code, he sought an area variance from the Zoning Board of Appeals (hereinafter the Board). After a hearing the Board denied the application.

The petitioner commenced the instant CPLR article 78 proceeding to review the denial of his variance application. The Supreme Court dismissed the petition on the ground that the determination of the Board was not arbitrary or capricious. We agree (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314; Matter of Axelrod v Zoning Bd. of Appeals, 140 AD2d 437).

The evidence adduced by the petitioner at the hearing before the Board failed to demonstrate that denial of the variance "would result in the infliction of either significant economic hardship or practical difficulty" (Matter of Cowan v Kern, 41 NY2d 591, 596, rearg denied 42 NY2d 910; see also, Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 140, affd 67 NY2d 702; Matter of Sorrenti v Siegel, 138 AD2d 382). Thus, the denial of the application by the Board has a rational basis and will not be disturbed (see, Matter of Fuhst v Foley, 45 NY2d 441, 446). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.